620 A.2d 37

**Robert LARCH, Administrator of the Estate of Margaret Ann Larch, Deceased, Appellant,**

**v.**

**HAVERFORD STATE HOSPITAL, Hosco Housekeeping, Inc., a/k/a Crothal Hospital Services, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided Jan. 5, 1993.

Reargument Denied Feb. 12, 1993.

Matthew D. Carrafiello, for appellant.

David J. Otis, for appellee.

Before PALLADINO and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Robert Larch (Appellant), administrator of the estate of Margaret Ann Larch (Decedent), appeals an order of the Court of Common Pleas of Delaware County (trial court) which granted Hosco Housekeeping, Inc.'s (Hosco's) motion for a new trial, denied Appellant's motion for judgment n.o.v. against Haverford State Hospital (Haverford),[1] and dismissed Haverford as a party to the new trial. We affirm.

Decedent, while a patient at Haverford, ingested toilet bowl cleaner from an unattended housekeeping cart operated by Ernest Thomas, an employee of Hosco. Decedent suffered fatal internal injuries as a result of the ingestion. Appellant brought a wrongful death and a survivor's action against both Hosco and Haverford, alleging gross negligence on the part of both Hosco and Haverford.

A five day jury trial was conducted before the Honorable Edward Lawhorne. The jury returned a verdict in favor of Haverford and against Appellant, and a verdict in favor of Appellant and against Hosco in the amount of $780,310.00.

Hosco filed a motion for a new trial alleging that the trial court erred in allowing two witnesses offered as experts by Appellant to testify concerning a reprimand report of Ernest Thomas and the results of an investigation of this incident by Haverford's assistant director of nursing. Appellant filed a motion for a judgment n.o.v. against Haverford, alleging that the trial court incorrectly charged the jury on the standard of liability applicable to Haverford.

Arguments on the post-trial motions were held before the Honorable Harry Bradley to whom the matter was assigned

---

1. Haverford is a medical hospital specializing in the care of persons affected with mental disease or disorders.

following the expiration of Judge Lawhorne's term. Judge Bradley granted Hosco's motion for a new trial, denied Appellant's motion for judgment n.o.v. against Haverford, and dismissed Haverford as a party to the new trial.

On appeal, the issues raised by Appellant are as follows: 1) Whether the trial court erred in granting Hosco's motion for a new trial, and 2) whether the trial court erred in denying Appellant's motion for judgment n.o.v.

Our scope of review of a trial court's grant of a motion for a new trial generally is whether the trial court palpably and clearly abused its discretion or committed an error of law which controlled the outcome of the case. Where the trial court, as here, gives multiple reasons for the grant of a new trial, appellate review is limited to the clear and palpable abuse of discretion standard. *Westinghouse Elevator Co. v. Herron,* 514 Pa. 252, 523 A.2d 723 (1987). If the trial court's decision finds any support in the record, the trial court must be affirmed. *Id.* The scope of review for an appellate court examining a denial of judgment n.o.v. is whether, reading the record in the light most favorable to the verdict winner and granting him the benefit of every favorable inference, there is sufficient competent evidence to support the verdict. *Wenrick v. Schloemann–Siemag Aktiengesellschaft,* 523 Pa. 1, 564 A.2d 1244 (1989).

We first consider whether the trial court abused its discretion in granting Hosco a new trial. The trial court found as hearsay the testimony of Appellant's expert, Dr. Groesbeck, concerning a reprimand letter directed to Ernest Thomas, and a letter from Haverford's assistant director of nursing, detailing the investigation into the incident. The trial court held the testimony was improperly admitted and stated that since this testimony was offered to prove the antecedent negligence of Hosco, it was prejudicial to Hosco.

The trial court also reasoned that Dr. Goesbeck's testimony concerning the investigation letter was violative of the Peer Review Protection Act (Act), Act of July 20, 1974, P.L. 564, *as*

*amended,* 63 P.S. § 425.4,[2] and was therefore improperly admitted. In addition, the trial court reasoned that the introduction of Ernest Thomas' reprimand letter into evidence was also in error because the letter constituted a remedial measure which was inadmissible to establish the negligence of Hosco. Finally, the trial court determined that the testimony of two of Appellant's expert witnesses, Drs. Groesbeck and Doyle, concerning the reprimand letter and the investigation letter should have been stricken, as requested by Hosco's counsel, because it was based on hearsay and on facts not of record.

Appellant argues that Dr. Groesbeck's testimony concerning the reprimand and the investigation letter, and the reprimand letter itself, were admissible because the reprimand and the investigation letter were part of hospital records, and as such were admissible as business records. Appellant also argues that the reprimand letter, itself, was not a subsequent remedial measure because the letter was not used to show that an act of negligence occurred.

 Under Pennsylvania law, hospital records are admissible as a hearsay exception to show hospitalization, treatment, and symptoms. *Pothier v. Department of Transportation, Bureau of Traffic Safety,* 98 Pa.Commonwealth Ct. 571, 511 A.2d 939 (1986). A review of the reprimand letter and the investigation letter reveals that neither document show the hospitalization, treatment, or symptoms of Decedent. The reprimand letter, addressed to Ernest Thomas, states in pertinent part:

> EMPLOYEE WARNING SLIP ... THIS IS TO NOTIFY YOU THAT FAILURE TO CORRECT THE FOLLOWING WILL RESULT IN TERMINATION ... Remarks:

**2.** Section 425.4 of the Act provides in pertinent part:
The proceedings and record of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action ... arising out of the matter which are the subject of evaluation and review by such committee.... Provided, however, That information, documents or records otherwise available from original sources are not to be construed as immune from discovery or use in any civil action merely because they were presented during proceedings of such committee....

Leaving your maids [sic] cart unattended [sic] violation of rules of conduct article 12.

The investigation letter states in pertinent part:

We would recommend that the procedure be changed to include differing degrees of precautions ... and that it be spelled out clearly with communication to all physicians so a clear understanding exists.

Therefore, the reprimand and investigation letters do not fall within the hospital record exception to hearsay. Moreover, the record establishes that the authors of the letters were not called to testify nor subject to cross-examination. In addition, Dr. Groesbeck's testimony concerning the reprimand and investigation letters, and the admissibility of the reprimand letter, were properly objected to by Hosco's counsel. *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976) (hearsay evidence, properly objected to, is not competent to support a finding).

■■ We also agree with the trial court that Dr. Groesbeck's testimony concerning the reprimand and investigation letters was prejudicial because it tended to go to the negligence of Hosco. *Anderson v. Hughes,* 417 Pa. 87, 208 A.2d 789 (1965) (erroneous admission of evidence not grounds for a new trial unless harm or prejudice results). Examination of Dr. Groesbeck's testimony indicates that Dr. Groesbeck testified concerning the reprimand and investigation letters in response to questions on direct examination. Specifically, Dr. Groesbeck was questioned as to the facts upon which she based her opinion regarding the standard of care exercised by Hosco and by Haverford in the incident. Dr. Groesbeck's testimony regarding the reprimand was also inadmissible as it constituted evidence of a subsequent remedial measure used for the purpose of imputing antecedent negligence to Hosco. *Henry v. McCrudden,* 133 Pa.Commonwealth Ct. 231, 575 A.2d 666, *petition for allowance of appeal denied,* 526 Pa. 651, 585 A.2d 470 (1990).

■ The record supports the trial court's determination that Dr. Groesbeck's testimony concerning the reprimand and investigation letters was inadmissible and prejudicial to Hosco; therefore, the trial court did not abuse its discretion in granting a new trial.[3]

■ As to Appellant's second issue, whether the trial court erred in denying Appellant's motion for judgment n.o.v., Appellant argues that the trial court improperly charged the jury on the standard of liability applicable to Haverford. However, unless a specific objection to an alleged error in a trial judge's charge to the jury has been made to the trial court, the alleged error will be deemed waived and will not be considered by the reviewing court. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Cipriani v. Sun Pipe Line Co.*, 393 Pa.Superior Ct. 471, 574 A.2d 706 (1990).

■ A review of the trial court transcripts reveals that Appellant's attorney did not object to the charge to the jury concerning the standard of liability to be applied to Haverford. Appellant's counsel only objected to the trial judge's failure to charge the jury on agency and hazardous activity, and also made reference to "general exceptions." However, a "general exception to the charge to the jury will not preserve an issue for appeal. Specific objection shall be taken to the language or omission complained of." Pa.R.A.P. 302(b). Therefore, because Appellant's counsel failed to specifically object to the standard of liability applicable to Haverford, Appellant has waived the issue on review. In addition, because this is the only issue raised in the appeal of the denial of the motion for judgment n.o.v. against Haverford, the denial must be affirmed.

Accordingly, the order of the trial court granting a new trial is affirmed, and the order denying the motion for judgment n.o.v. against Haverford is affirmed.

3. Because we have determined that the trial court's grant of a new trial on this reason alone was supported by the record, we need not address the trial court's other reasons for granting a new trial.

## ORDER

AND NOW, January 5, 1993, the order of the trial court in the above-captioned matter is affirmed, and the order denying judgment n.o.v. against Haverford is affirmed.

Jurisdiction relinquished.