**Concepta T. MANNICK, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND IN- DUSTRY and Pennsylvania Civil Ser- vice Commission.**

Commonwealth Court of Pennsylvania.

Argued May 20, 1999.

Decided June 11, 1999.

Peter G. Loftus, Waverly, for appellant.

7. Based on our disposition of this issue, we will not address the other claims raised in this appeal.

Howard G. Hopkirk, Harrisburg, for appellee.

Before COLINS, President Judge, LEADBETTER, J., and McCLOSKEY, Senior Judge.

LEADBETTER, Judge.

Appellant Concepta T. Mannick appeals from the order of the Court of Common Pleas of Luzerne County (trial court) denying her post trial motions requesting a judgment notwithstanding the verdict or in the alternative, a new trial. After review, we affirm.

In 1992, Mannick, who was working as a claims examiner for the Department of Labor and Industry (Department) sought to fill a vacancy of unemployment compensation supervisor in the Hazelton Job Center. Peter Cwalina, however, was ultimately selected for the position. In 1995, Mannick commenced a civil action against the Department and the Civil Service Commission seeking damages for, *inter alia,* gender discrimination in violation of the Pennsylvania Human Relations Act (Act), Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §§ 951–962.2.[1] Specifically, Mannick contended that she met all the criteria necessary to fill the position, that she was the most senior person interviewed for the position, that the position was covered by the collective bargaining agreement, under the terms of which she should have been promoted to the position, and that rather than promoting her to the position, the Department promoted Cwalina, a male, who had less seniority and experience than Mannick. When the case went to trial, the only remaining defendant was the Department.

At trial, Mannick's evidence generally demonstrated that she was qualified for the supervisor position in question, but a male employee was selected. According to Mannick's evidence, under the terms of the collective bargaining agreement and memorandum of understanding between the Department and its employees, the position should have been filled by the most senior person in the position immediately below (also referred to as the "next step below") the vacant position who bid on the job. Mannick and her witnesses testified that she was the person with the most seniority in the step immediately below the supervisor position who bid on the job and, therefore, she should have been given the position without the necessity of the Department conducting interviews. On the other hand, the Department's evidence demonstrated, among other things, that Mannick's position at the time of her application for supervisor was not the step immediately below, and that since there were no individuals at that step who applied for the position, compliance with Civil Service Rules required the certification of qualified applicants and the establishment of a selection process, which could include interviews. According to the Department's witnesses, this procedure was followed, it was proper, and the individual who was ultimately appointed to the position was deemed the most qualified following the interviews. The jury returned a unanimous verdict in favor of the Department by responding in the negative to the first jury interrogatory: "Do you find that the failure of the Plaintiff, Concepta T. Mannick, to be promoted to the position of Unemployment Claims Supervisor was the result of discrimination based on sex?"

1. The Act provides in pertinent part that:
   It shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification . . . (a) [f]or any employer because of the race, color, religious creed, ancestry, age, sex, national origin, or non-job related handicap or disability of any individual to refuse to hire or employ ... or to otherwise discriminate against such individual ... with respect to compensation, hire, tenure, terms, conditions, or privileges of employment ... if the individual is the best able and most competent to perform the services required.
   Section 5(a) of the Act, 43 P.S. § 955(a).

Mannick filed post trial motions requesting judgment notwithstanding the verdict and contending in the alternative that a new trial was warranted because the trial court failed to charge the jury in accordance with her points for charge and that the charge given was incorrect.[2] The trial court denied the post trial motions and the instant appeal followed.

On appeal, Mannick raises the following issues: (1) whether the trial court erred in failing to charge the jury according to her submitted points for charge; (2) whether the trial court erred in failing to grant Mannick's motion for directed verdict; and (3) whether the jury's verdict was against the weight of the evidence entitling Mannick to judgment notwithstanding the verdict. After a review of the record and Mannick's brief, however, we conclude that the first two issues are waived and, therefore, will address the merits of only the third issue.

▉ Mannick first contends that the trial court erred in failing to charge the jury according to her points for charge because they were not otherwise covered by the charge given by the trial court. Rule of Civil Procedure No. 227 provides that "[a]ll exceptions to the charge to the jury shall be taken before the jury retires." Pa. R.C.P. No. 227(b). *See also* Pa. R.A.P. 302(b) (requiring that a specific exception to the jury charge be made to the trial court in order that the issue may be preserved for appeal); *McNeil v. Owens–Corning Fiberglas Corp.*, 545 Pa. 209, 215–16, 680 A.2d 1145, 1148–49 (1996) (issue of whether trial court failed to instruct the jury in accordance with the proposed points for charge waived where the party failed to lodge a specific objection to the charge). Mannick contends in her brief that a timely exception was made to the trial court's charge. However, Mannick has failed to comply with Rules of Appellate Procedure 2117(c) and 2119(e), which specifically require that a party's brief contain in both the statement of the case and the argument specific reference to the place in the record where the raising or preserving of issues has occurred. In spite of this disregard of the rules, we have searched the reproduced record submitted by appellant and it discloses no exception or objection to the charge.[3] Thus, we conclude that this issue has been waived.[4]

▉ We reach a similar conclusion with respect to Mannick's contention that she is entitled to a directed verdict. Although Mannick states in her appellate brief that a timely motion for directed verdict was made, she again fails to comply with either Pa. R.A.P. 2117(c) or Pa. R.A.P. 2119(e). Failing to find any such motion in her reproduced record, we conclude that this issue is waived as well.

Finally, with respect to Mannick's contention that she is entitled to a judgment notwithstanding the verdict, we must determine "whether, reading the record in the light most favorable to the verdict winner and granting him the benefit of every favorable inference, there is sufficient competent evidence to support the verdict." *Larch v. Haverford State Hosp.*, 152 Pa.Cmwlth. 459, 620 A.2d 37, 39 (1993). In *United Brotherhood of Carpenters and*

2. In her brief in support of her post trial motions, Mannick also argued that she was entitled to a directed verdict.

3. Indeed, at the conclusion of the charge, the following colloquy occurred:

[THE COURT:] Let the record reflect that points for charge were submitted on behalf of the both the [sic] Plaintiff and the Defendant, all of which were denied as either being covered or irrelevant to the proceedings in this case.

Any additions or corrections?

MR. LOFTUS: I have none.
MR. HOPKIRK: No, Your Honor.

4. Although we have made such a review, we emphasize that it is not the court's obligation to search through the record to discern whether an issue has been preserved. Rather, the Rules of Appellate Procedure clearly put the burden on an appellant to demonstrate that an issue has been properly preserved before the trial court for appellate review.

*Joiners of America, Local 261 v. Pennsylvania Human Relations Comm'n,* 693 A.2d 1379 (Pa.Cmwlth.1997), this court reiterated the burdens of proof in a discrimination case:

> [O]ur Supreme Court adopted as the standard for setting forth a prima facie case of discrimination under the Act the federal standard for proving discrimination under Title VII of the Civil Rights Act, holding that in order to make out a prima facie case, the complainant must establish that he is a member of a protected class, that he applied for a job which he is qualified, that his application was rejected and that the employer continued to seek other applicants of equal qualification. Once a complainant has established a prima facie case, the burden shifts to the employer to produce evidence of a legitimate non-discriminatory reason for its actions, and, if such evidence is presented, then in order to prevail, the complainant must prove by a preponderance of the evidence that the proffered reasons were pretextual and that the claimant was the victim of intentional discrimination.

*Id.* at 1383–84 (footnote omitted). Once both sides have gone forward with evidence:

> The issue is joined, and the entire body of evidence produced by each side stands before the tribunal to be evaluated according to the preponderance standard.... Once the defendant offers evidence from which the trier of fact could rationally conclude that the decision was not discriminatorily motivated, the trier of fact must then 'decide which party's explanation of the employer's motivation it believes.'

*Id.,* quoting *Allegheny Housing Rehabilitation Corp. v. Pennsylvania Human Relations Comm'n,* 516 Pa. 124, 130–31, 532 A.2d 315, 318–19 (1987).

■ In reviewing Mannick's request for judgment notwithstanding the verdict, the trial court correctly noted each parties' burden in this case. Thereafter, after carefully reviewing the evidence presented by each party, the trial court concluded that there was ample evidence from which the jury could conclude that there was no discriminatory animus on the part of the Department.[5] We agree. Therefore, with respect to Mannick's contention that she is entitled to a judgment notwithstanding the verdict, we affirm the denial of that motion based on the opinion of the Honorable Hugh F. Mundy as it is set forth in *Mannick v. Department of Labor and Industry,* No. 1360–C of 1994, *slip. op.* at 3–9 (C.C.P. of Luzerne County, filed September 29, 1998), D & C —— (1998).

### *O R D E R*

AND NOW, this 11th day of June, 1999, the order of the Court of Common Pleas of Luzerne County in the above captioned matter is hereby affirmed.

---

5. We note that we have reviewed the record as well and agree with the trial court's summary of the testimony.