668 A.2d 159

**Glenn A. BROWN**

v.

**PHILADELPHIA TRIBUNE CO. and
Barbara Faggins, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1995.

Filed Nov. 20, 1995.

54

Carl E. Singley, Philadelphia, for appellants.

Steven B. Feirson, Philadelphia, for appellee.

Before CIRILLO, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order dated February 1, 1995 redocketing an order and opinion of November 11, 1994, which denied appellants' post-trial motion and entered judgment in favor of appellee, Glenn Arthur Brown, D.D.S. Appellants, the Philadelphia Tribune and Barbara Faggins, raise the following eight issues for review:

1. DID THE TRIAL JUDGE GIVE PROPER IN-STRUCTIONS TO THE JURY ON THE APPELLANTS' FAIR REPORT PRIVILEGE AND ITS APPLICATION TO THE FACTS OF THIS CASE?

2. DID THE TRIAL JUDGE GIVE PROPER DI-RECTIONS AND INSTRUCTIONS TO THE JURY AS TO THE APPELLEE'S BURDEN OF PROOF AS TO EACH STATEMENT IN THE ARTICLE ALLEGED TO BE DEFAMATION?

3. DID THE TRIAL JUDGE GIVE PROPER IN-STRUCTIONS TO THE JURY ON THE STANDARD OF FAULT WHEN A LIBEL ACTION INVOLVES A ME-DIA DEFENDANT REPORTING ON A MATTER OF PUBLIC CONCERN?

4. DID THE TRIAL JUDGE GIVE PROPER IN-STRUCTIONS TO THE JURY ON THE ISSUE OF COMPENSATORY DAMAGES?

5. DID THE TRIAL JUDGE ERR IN PERMITTING AN EXPERT WITNESS TO TESTIFY ON THE ULTI-MATE ISSUE OF FACT?

6. DID THE TRIAL JUDGE ERR IN ITS LEGAL CONCLUSION THAT APPELLEE WAS NOT A LIMIT-ED PURPOSE PUBLIC FIGURE?

7. DID THE TRIAL JUDGE ERR IN PERMITTING THE JURY TO DECIDE THE LEGAL QUESTION OF WHETHER THE ALLEGEDLY DEFAMATORY STATEMENTS WERE EXPRESSIONS OF OPINION AND THEREFORE SUBJECT TO A FINDING OF FAL-SITY?

8. DID THE LOWER COURT USE THE PROPER STANDARD OF REVIEW IN CONSIDERING APPEL-LANTS' POST–TRIAL MOTIONS?

*See* Appellants' Brief at ix.[1] For the following reasons, we affirm.

On January 24, 1986, Barbara Faggins wrote an article entitled "West Philadelphia dentist charged with fraud" which was published in the Philadelphia Tribune. Thereafter, appel-lee, who was the subject of the article, sued the Philadelphia Tribune Company and its reporter Faggins, alleging that three separate statements in the article were defamatory.[2]

---

1. Although appellants' brief technically violated Rule 2116(a) (one-page limit on statement of questions involved) and Rule 2135 (50–page length of briefs, including all pages except for table of contents) of the Pennsylvania Rules of Appellate Procedure, we will review appellants' claims in the interest of justice. *See* Pa.R.Civ.P. 126 (court may disregard any procedural defect which does not affect the substantial rights of the parties).

2. The three statements at issue were (1) the headline "West Phila. dentist charged with fraud," when in fact he was never charged; (2) the lead sentence "[appellee] faces criminal charges of welfare fraud," when in fact appellee was merely investigated and never charged; and (3) a quotation attributed to the Auditor General's Communication Director calling appellee's conduct "unscrupulous at best," which at trial the Communication Director denied ever stating to the reporter.

Following a trial in March 1992, a jury rendered a verdict in favor of appellee and assessed damages in the amount of $750,000. Thereafter, appellants filed a post-trial motion seeking a judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial, which was denied on October 7, 1993. After judgment was entered on October 25, 1993, appellants filed a timely appeal to this Court. However, since the trial court failed to address all of the post-trial issues in its first opinion, we remanded this matter to the trial court. On remand, the trial court issued a November 11, 1994 order and lengthy opinion denying all of appellants' contentions raised in their post-trial motion and entering judgment for appellant. Because notice of the November 11, 1994 order was not mailed to all counsel of record, the matter was redocketed by an order of February 1, 1995. This timely appeal followed.

The first four of appellants' arguments center around the trial court's failure to properly instruct the jury in its jury charge.

■ It is clear under Pennsylvania law that issues not raised below are waived on appeal. Pa.R.A.P. 302(a). This is true even if the issues raised on appeal are of constitutional dimension. *Commonwealth v. Hawkins,* 295 Pa.Super. 429, 439 n. 6, 441 A.2d 1308, 1312 n. 6 (1982). Moreover, if a party seeks to object to a jury charge, "specific exception shall be taken to the language or omission complained of." Pa.R.A.P. 302(b).

■ In the instant case, appellants failed to take exception to the jury instructions both at trial and in the post-trial motions. In fact, at trial, when expressly asked whether appellants had any objections to the content of the jury charge, appellants' counsel affirmatively stated that appellants were "satisfied." N.T., March 12, 1992, at 542b. Moreover, no exceptions to any specific jury instruction were taken in appellants' post-trial motions. Thus, we are precluded from considering the merits of these issues on appeal. Pa.R.A.P. 302(a), 302(b). *See* Pa.R.Civ.P. 227(b) ("[A]ll exceptions to the charge of the jury shall be taken before the jury retires.");

*Larch v. Haverford State Hosp.,* 152 Pa.Cmwlth. 459, 620 A.2d 37 (1993) (failure of trial counsel to specifically object to jury instruction waived issue on review); *Shaffer v. Pullman Trailmobile,* 368 Pa.Super. 199, 203, 533 A.2d 1023, 1025 (1987) (appellant counsel's failure to take specific exception to jury charge while stating "Judge, I don't have objection...." waived issue for review).

Appellants next argue that the trial court erred in allowing appellee's expert witness, a Bucks County District Attorney, to testify about an ultimate issue of fact before the jury.

 We have stated that an appellant must (1) "make a timely, specific objection at trial" and (2) "raise the issue on post-trial motion" in order to properly preserve an issue for appeal. *Commonwealth v. Keysock,* 236 Pa.Super. 474, 478–79, 345 A.2d 767, 769 (1975). *See also Nobel v. West Penn Power Co.,* 36 Pa.Cmwlth. 577, 388 A.2d 781 (1978). In the instant case, although appellants objected to the substance of the expert's proposed testimony at trial, appellants did not preserve a challenge to this testimony in their post-trial motions. Thus, we will not review the merits of this issue either. *Keysock, supra; Nobel, supra.*

Having disposed of the issues that were not properly raised below, we now turn to appellants' properly preserved contentions.

First, appellants contend that the trial judge erred in its legal conclusion that appellee was a private figure and not a limited purpose public figure. Essentially, appellants argue that appellee should have been required to prove appellants' "actual malice" rather than simple negligence in publishing the article because appellee was a limited purpose public figure rather than a private figure.

 We initially note that our review of this issue is plenary, as it involves a question of law. *Meeting House Lane, Ltd. v. Melso,* 427 Pa.Super. 118, 125, 628 A.2d 854, 857 (1993), *appeal denied,* 537 Pa. 633, 642 A.2d 486 (1994).

■ In *Gertz v. Robert Welch, Inc.*, the United States Supreme Court stated:

[T]hose who attain th[e] status of [public figure] have assumed roles of especial prominence in the affairs of society. Some occupy positions of such persuasive power and influence that they are deemed public figures for all purposes. More commonly those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved. In either event, they invite attention and public comment.

418 U.S. 323, 345, 94 S.Ct. 2997, 3009, 41 L.Ed.2d 789, 797 (1974). However, "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure." *Hutchinson v. Proxmire*, 443 U.S. 111, 135, 99 S.Ct. 2675, 2688, 61 L.Ed.2d 411, 431 (1979).

■ In the instant case, appellee merely received state reimbursement for dental work performed on lower-income patients. *See Hutchinson, supra* (finding a behavioral scientist who received federal monies and who was thrust into a public controversy over expenditure of public funds was not a public figure). Moreover, the evidence at trial indicated that appellee's name was not one which invited attention or public comment prior to appellants' newspaper account. *See Wolston v. Readers' Digest Ass'n, Inc.*, 443 U.S. 157, 99 S.Ct. 2701, 61 L.Ed.2d 450 (1979) (plaintiff who engaged in criminal conduct found not to be a limited purpose public figure when "dragged unwillingly" into public controversy). Thus, we agree with the trial court that appellants' article caused appellee to be "thrust unwillingly" into a public controversy and that appellee does not qualify as a limited purpose public figure. *Hutchinson, supra; Wolston, supra; see Gertz, supra* (attorney who had published books and articles on legal issues was not a public figure); *cf. Rutt v. Bethlehems' Globe Pub. Co.*, 335 Pa.Super. 163, 484 A.2d 72 (1984) (police officer who was father of individual who committed suicide was not a limited purpose public figure).

Appellants also contend that the trial judge erred in permitting the jury to decide the legal question of whether the allegedly defamatory statements were expressions of opinion, which cannot be subject to a finding of falsity. We disagree.

In *Rutt, supra,* we stated:

It is the function of the trial court to determine, in the first instance, whether the communication is capable of defamatory meaning. If the court determines that the communication is capable of a defamatory meaning, it then becomes the jury's function to decide whether it was so understood by those who read it.

*Id.* at 172, 484 A.2d at 76 (citations omitted). *See Dougherty v. Boyertown Times,* 377 Pa.Super. 462, 472, 547 A.2d 778, 783 (1988) (" 'If there is an alternative defamatory interpretation [to a statement], the issue must proceed to the jury.' ").

In its November 1994 opinion, the trial court extensively explained why it found the statements capable of defamatory meaning. Tr. Court Op., November 13, 1994, at 9–11. Upon our review of the statements at issue, we agree with the trial court that the statements were, in fact, capable of defamatory meaning. *Rutt, supra.* Moreover, our review of the jury charge demonstrates that the defamation issues were properly submitted to the jury. Consequently, we find no merit in appellants' claim.

Finally, appellants contend that the trial court applied an improper standard of review in considering their post-trial motions. Specifically, appellants argue that the trial court was required to apply an higher "independent and thorough" review standard and not simply defer to the findings of the jury.

In *Bose v. Consumers Union of the United States, Inc.,* 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984), the United States Supreme Court wrote:

In cases raising First Amendment issues ... an appellate court has an obligation to 'make an independent examination of the whole record' in order to make sure that 'the

judgment does not constitute a forbidden intrusion on the field of free speech.'

*Id.* at 499, 104 S.Ct. at 1958, 80 L.Ed.2d at 515 (citations omitted), *cited in Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 17, 110 S.Ct. 2695, 2705, 111 L.Ed.2d 1, 17 (1990).

■ Regardless of what standard the trial court applied in reviewing appellants' post-trial motions, we, as appellate court, have applied the constitutionally-mandated higher standard to the entire record and are confident that this verdict is not an unwarranted intrusion on the field of free speech. *Bose, supra; Milkovich, supra.* Consequently, we also dismiss this final claim.

Accordingly, for the above reasons, we affirm the orders of the trial court below.

Order affirmed.