**Margaret KAUFMAN, Appellant,**

v.

**John E. CAMPOS, Appellee.**

Superior Court of Pennsylvania.

Argued March 25, 2003.
Filed June 13, 2003.

---

Anthony Sottile, Indiana, for appellant.

Mark Reilly, Pittsburgh, for appellee.

Before: JOHNSON, KLEIN and POPOVICH, JJ.

KLEIN, J.

¶1 Plaintiff Margaret Kaufman filed a claim for injuries from a slip and fall accident in front of a commercial building owned by Defendant John E. Campos. After finding Kaufman 50% comparatively negligent, the jury awarded her $8,228.99 in damages, the exact amount of her medical bills. Kaufman appeals, claiming that because nothing was awarded for pain and suffering, the verdict was against the weight of the evidence. Campos argues that the evidence of the injury was contested, and in any event, the plaintiff

waived any claim of inconsistent verdicts. We hold (1) the mere fact that the jury number is identical to the amount of medical bills does not mean it awarded nothing for pain and suffering; and (2) Kaufman has waived her argument by failing to object when the jury said it was planning to award only medical bills. We therefore affirm.

## 1. We cannot say that the jury awarded nothing for pain and suffering.

¶ 2 As noted in both parties' briefs, this situation is a recurring one that has generated numerous appellate opinions recently. This situation arises where there is a claim of serious, permanent injuries, and the defense, while conceding that some injuries occurred, disputes their permanency and seriousness. As a result, the trial focuses on the claim of major injuries rather than the conceded but more minor sprain and strain. While there are variations on the theme, that is the basic scenario.

¶ 3 Recent cases have established the following principles. In *Davis v. Mullen*, 565 Pa. 386, 773 A.2d 764, 767 (2001), the Pennsylvania Supreme Court held that a verdict in the amount of medical expenses should not be disturbed where the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain or suffering, or (2) a preexisting condition or injury was the sole cause of the alleged pain and suffering. Moreover, in *Majczyk v. Oesch*, 789 A.2d 717, 726 (Pa.Super.2001), we stated, "[A] jury is always free to believe all, part, some, or none of the evidence presented. Thus, while the jury may have concluded that appellant suffered some painful incon-

venience for a few days or weeks after the accident, it may have also concluded that appellant's discomfort was the sort of transient rub of life for which compensation is not warranted." *See also Boggavarapu v. Ponist*, 518 Pa. 162, 542 A.2d 516, 518 (1988).

 ¶ 4 This case presents a slightly different slant on the issue. We agree with Kaufman that the conceded injuries were significant enough to require some award for pain and suffering to take this case out of the ambit of *Davis v. Mullen*. This was not a mere bump, and the defense doctor said, "[W]e all agree she had an injury. And I think she strained her back when she fell." (R.269a).

¶ 5 However, the jury was free to believe that some, but not all, of the medical expenses were caused by the slip and fall. If the verdict had been $8,000.00 or $8,500.00, there would be no question that this amount could be supported by the evidence, resulting from a jury conclusion that some but not all of the medical expenses were caused by the slip and fall and another portion from the pre-existing injuries. The remainder of the verdict could then be considered to be from pain and suffering. The jury may have also reasonably concluded that any alleged pain and suffering was solely caused by Kaufman's pre-existing back condition.[2]

 ¶ 6 The issue becomes whether there is any difference here because the number the jury reached for its verdict is the exact amount of the medical bills. We hold that the mere fact that the jury fixes on the exact number of the medical bills

---

2. Kaufman suffered a prior back injury in 1992. In 1993, she underwent disc surgery. In 1994, Kaufman fell on ice, re-injuring her back. From the date of the 1992 back injury until the approximate date of the subject accident in November 1996, there are medical records evidencing Kaufman's continued complaints of back and hip pain. Kaufman was seen in the emergency room only two months before the subject accident complaining of symptoms that she now claims arose from the accident at issue.

does not necessarily mean that they awarded nothing for pain and suffering. We are not able to presume what happened in the jury room. When eight or twelve people are asked for a number for pain and suffering, there is no mathematical formula to arrive at a figure for the intangible damages of pain and suffering. It is possible that in the discussion among the jurors, somebody said, "Why don't we give the number that was the medical bills?" The jurors then thought that this was a reasonable number to award for some of the medical bills and some pain and suffering. Obviously, there are other possibilities, but we cannot tell what happened. Using the exact number might just have been the jury's way of expressing that they thought some but not all of the medical bills were due to the accident, and that there should be some award for pain suffering.

## 2. Plaintiff waived any objection that the jury failed to make an award for pain and suffering.

■ ¶ 7 There is another twist in this case because the jury asked a specific question: "Judge Olson, if we want the plaintiff to receive medical expenses only ($8,228.99) how do we fill out question number 5 and 6?" (R. 320a). Question # 5 was the allocation between defendant's negligence and plaintiff's comparative negligence. (R. 299a–300a). Question # 6 was the question to state the amount of damages, if any, sustained by the plaintiff. (R. 302a). At this point the judge merely reinstructed the jury on the apportionment of liability under # 5 and advised them not to make any adjustments for these percentages of responsibility when entering the damage figure. (R. 320a–322a). Although the jury indicated they were planning to just award damages for medical expenses, the judge did not address that when he recharged the jury. Nonetheless,

the judge asked, "Counsel, are you satisfied with that instruction or do you desire additional instruction? Mr. Reilly, if so or Mr. Sottile, if so please approach the bench." (R. 322a). At this point, Kaufman's counsel, Anthony Sottile, said, "That is fine, your Honor." (R. 322a). After the verdict was read, Kaufman did not raise an objection and allowed the jury to be dismissed. No objection was placed on the record.

■ ¶ 8 Kaufman is correct that after the verdict was recorded, it would have been improper for the judge to reinstruct the jury without injecting himself into the case. *King v. Pulaski*, 710 A.2d 1200, 1204 (Pa.Super.1998). That is beside the point. Kaufman's problem is that she should have objected when the jury said in its question that it was planning to award medical expenses only. As explained above, under the law and the facts of this case, some award for pain and suffering was necessary. However, in order for a claim of error to be preserved for appellate review, a party must make a timely and specific objection before the trial court at the appropriate stage of proceedings; the failure to do so will result in a waiver of the issue. *See Brown v. Philadelphia Tribune Co.*, 447 Pa.Super. 52, 668 A.2d 159, 162 (1995). Although the undisputed evidence would have supported an award of damages for pain and suffering from the admitted back strain—indeed, the evidence would have required it—since Kaufman did not ask the trial judge to explain this to the jury when he reinstructed it, she has waived the issue.

¶ 9 Order affirmed.

¶ 10 POPOVICH, J., files a Concurring and Dissenting Statement.

POPOVICH, J., Concurring and Dissenting.

¶ 1 I agree with the majority that Kaufman waived her issue with the trial court's

instruction to the jury regarding the pain and suffering award because she failed to make a timely and specific objection. However, I disagree with the majority's conclusion that the mere fact that the damage award equaled the amount of the medical bills does not mean that the jury failed to award any damages for pain and suffering. The majority states, "[U]nder the law and the facts of this case, some award for pain and suffering was necessary." Slip Op. at 5. Considering that the jury asked the trial court, "[I]f we want the plaintiff to receive medical expenses only how do we fill out question number 5 and 6," I find it difficult to conclude that the jury award of $8,228.99, which was the exact amount of the medical expenses, included any amount for pain and suffering. It is true that we cannot speculate to the manner of the jury's deliberations, but it seems more than coincidence that the award amount would equal the exact amount of the medical bills. However, since Kaufman failed to object and this issue was waived, I concur in the result.