**Stout v. Young**

C.P. of Lehigh County, no. 2003-C-2235.

*Richard D Gorski,* for plaintiffs.
*Maryann E. Higgins,* for defendants.

McGINLEY, *J.,* September 1, 2006—Before the court is the plaintiffs' motion for post-trial relief, requesting a trial on damages only. Plaintiff alleges that the jury failure to award damages for plaintiff Patricia Stout's pain and suffering is inconsistent with its award of medical expenses and lost wages.

## FACTUAL HISTORY

On September 16, 2001, the plaintiff Patricia Stout along with her husband Scott Stout, exited their car, which was parked in the street adjacent to a sidewalk owned by the defendants Gregory and Lisa Young. Pa-

tricia Stout went around the front of the vehicle in order to get to the rear passenger-side door and fell in a hole in the sidewalk. The plaintiff was not looking where she was walking, but was instead looking at her husband. Scott Stout only witnessed his wife falling and did not immediately see the cause of her fall.

Expert medical testimony from Dr. David Warner established that the plaintiff suffered an avulsion fracture of her right ankle, wherein the ligaments connected to the plaintiff's ankle pulled free from the bone, taking with it a small fleck of bone measuring between two to four millimeters.

Trial testimony also established that the plaintiff had suffered numerous problems with her right foot prior to this specific fall. In 1996, Dr. Fritz, a podiatrist, performed surgery on the plaintiff's right heel in an effort to reduce pain being experienced by the plaintiff. Shortly thereafter, the plaintiff suffered a stress fracture, which required casting. Due to her foot problems in the 1990s, the plaintiff testified that she experienced sensations of pain, burning, stabbing and throbbing in her foot. Dr. Fritz also treated the plaintiff by giving her injections and an ankle immobilizer.

The plaintiff presented herself to Dr. Warner for treatment of a twisted right ankle beginning in December 2000. An examination of the plaintiff revealed a positive Tinsel's sign in the right foot near an incision from prior plantar fasciotomy surgery.

Doctor Warner testified that by November of 2001, following her September accident and surgery, plaintiff's ankle was up to at least 75 percent of normal. Shortly thereafter, the plaintiff slipped on a soda can in the park-

ing lot of the Moorestown Pub and once again twisted her right ankle.

## PROCEDURAL HISTORY

The plaintiffs filed a complaint in this matter on December 3, 2003. Trial commenced on May 1, 2006. On May 2, 2006, the jury awarded the plaintiff, Patricia Stout, damages totaling $8,214.10. The jury also awarded Scott Stout one dollar for loss of consortium.

The plaintiffs filed a motion for post-trial relief on May 10, 2006. The defendants filed their answer to plaintiffs' motion for post-trial relief on June 15, 2006. Argument was heard on August 2, 2006.

## DISCUSSION

The plaintiffs argue in their post-trial motion that the jury in this matter exhibited prejudicial behavior by disregarding plaintiff Patricia Stout's pain and suffering, loss of enjoyment of life and other non-liquidated damages and by limiting its award to the plaintiff, Patricia Stout, to the exact amount of her medical bills and loss of wages for the period of September 16, 2001 through December 2001.

When the jury first returned with a verdict, the jury had answered the verdict interrogatories only to the point where comparative liability was assessed between the plaintiff and defendant 50/50. The court then instructed the jury on the need to return a verdict on damages. The interrogatory on damages was a general interrogatory, but the court instructed, for the second time, on the elements of damages, *i.e.* medical expenses, lost wages, and the various components of non-economic damages. The

plaintiff did not, and does not contest the instruction, and in fact concedes that the instructions were correct.

Following further deliberation, the jury returned a verdict for the plaintiff in the sum of $8,214.10. Because the damage interrogatory was a general interrogatory, plaintiffs' counsel's contention that the award was solely for economic damages is deduced from his own examination of the evidence that was presented in that regard.

While the amount might coincidentally be the same as those amounts, we see nothing that would allow us to say that the jury failed to award pain and suffering. It is presumed that a jury followed the instructions of the court. *Commonwealth v. Tilley,* 528 Pa. 125, 143, 595 A.2d 575, 583 (1991) citing *Commonwealth v. Steele,* 522 Pa. 61, 559 A.2d 904 (1989). In the instant case, the court correctly instructed the jury on the various elements of damages to be awarded, and it is presumed that the jury followed the instructions.

The facts in this case are very similar to the facts in *Kaufman v. Campos,* 827 A.2d 1209, 1211-12 (Pa. Super. 2003). In *Kaufman,* the jury returned a verdict in the exact amount of medical bills. The Superior Court held: "the mere fact that the jury fixes on the exact number of the medical bills does not necessarily mean that they award nothing for pain and suffering."

Even if we concluded that the jury verdict was limited to medical bills and lost wages, the plaintiff would not be entitled automatically to a trial on the sole issue of damages. The Supreme Court of Pennsylvania has held "that a jury's award of medical expenses without compensation for pain and suffering should not be disturbed

where the trial court had a reasonable basis to believe that: (1) the jury did not believe the plaintiff suffered any pain and suffering, or (2) that a pre-existing condition or injury was the sole cause of the alleged pain and suffering." *Davis v. Mullen,* 565 Pa. 386, 391, 773 A.2d 764, 767 (2001).

In the matter before us, even if we assumed that the jury decided not to award for pain and suffering, we see a reasonable basis for the jury's decision in that regard.

It was perfectly reasonable for the jury to conclude that the pain and suffering was attributable to the plaintiff's pre-existing problems with her right foot. Given the fact that the plaintiff was in the treatment of doctors for similar symptoms in the exact same body part for many years prior to her fall on the defendants' sidewalk, the jury could reasonably conclude that the plaintiff's pain and suffering reported after the fall were merely a continuation of pre-existing pain and suffering in the plaintiff's right foot. As such, we will not overturn the finding of the jury, and the plaintiffs' post-trial motion is denied.

## ORDER

And now, September 7, 2006, upon consideration of the plaintiffs' motion for post-trial relief filed with the clerk of courts—civil division on May 10, 2006, defendants' answer thereto filed June 15, 2006, supporting briefs and after oral argument on August 2, 2006, it is ordered that the plaintiffs' motion for post-trial relief is denied.