J-S08031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BILLY RAY NAILL | : | |
| | : | |
| Appellant | : | No. 916 WDA 2016 |

Appeal from the Judgment of Sentence January 25, 2016
In the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000343-2015

BEFORE:   GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED FEBRUARY 13, 2017**

Appellant, Billy Ray Naill, appeals from the judgment of sentence entered in the Somerset County Court of Common Pleas, following his jury trial convictions of criminal mischief, criminal attempt—theft, and two counts of criminal conspiracy.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. On December 16, 2014, police received a complaint about an attempted theft at First Commonwealth Bank.  Upon arrival at the scene, police discovered someone had tried to remove the drive-up ATM machine and caused extensive damage in the process.  Police received surveillance video from the bank, which revealed several individuals tie a chain around the ATM

---

[1] 18 Pa.C.S.A. §§ 3304(a)(1), 901(a), and 903(a)(1), respectively.

machine, attach the chain to the trunk area of a vehicle, and attempt to pull the ATM from the ground to access its contents. Based on the surveillance video, police were able to identify the vehicle and its owner, who had reported the vehicle as stolen. Subsequent investigation into the stolen vehicle and the ATM incident led to Appellant's arrest.

On June 16, 2015, the Commonwealth charged Appellant with criminal mischief, conspiracy to commit criminal mischief, criminal attempt—theft, loitering and prowling at nighttime, and conspiracy to commit unauthorized use of an automobile. On December 31, 2015, four days prior to jury selection, Appellant's counsel learned the Commonwealth intended to present the testimony of Appellant's former cellmate, Joseph Bockes, about inculpatory statements Appellant had made. Counsel immediately attempted to contact the Commonwealth to discuss Mr. Bockes' testimony; however, counsel was unsuccessful. On January 4, 2016, the date of jury selection, counsel brought up the issue of Mr. Bockes' testimony in court. The Commonwealth subsequently agreed not to call Mr. Bockes as a witness or to refer to him in any way at trial. Appellant's counsel acknowledged this remedy was acceptable and did not ask for a continuance. The parties subsequently proceeded with trial, and the jury convicted Appellant on January 6, 2016, of criminal mischief, conspiracy to commit criminal mischief, criminal attempt—theft, and conspiracy to commit unauthorized use of an automobile.

On January 25, 2016, the court sentenced Appellant to an aggregate term of eighteen (18) to sixty (60) months' imprisonment. At the sentencing hearing, counsel raised a motion for extraordinary relief and/or a new trial, based on the Commonwealth's failure to disclose its intent to use Mr. Bockes as a witness at trial. The court denied the motion that same day. On February 4, 2016, Appellant filed a post-sentence motion, which again asked for a new trial based on the Commonwealth's failure to inform Appellant about Mr. Bockes' intended testimony. The court denied relief on May 27, 2016. Appellant timely filed a notice of appeal on June 21, 2016, and an amended notice of appeal on June 23, 2016. On June 28, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on July 12, 2016.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT'S REFUSAL TO CONSIDER A MOTION TO CONTINUE AS WELL AS ITS REFUSAL TO DECLARE A MISTRIAL WHEN EVIDENCE OF THE COMMONWEALTH'S FAILURE TO PROVIDE PRETRIAL DISCOVERY CAME TO LIGHT IN THIS CASE, VIOLATED [APPELLANT'S] RIGHT TO A FAIR TRIAL[?]

(Appellant's Brief at 4).

Our standard review of the grant or denial of a motion for a continuance is as follows:

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. An abuse

J-S08031-17

of discretion is not merely an error of judgment; rather discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

***Commonwealth v. Antidormi***, 84 A.3d 736, 745 (Pa.Super. 2014), *appeal denied*, 626 Pa. 681, 95 A.3d 275 (2014) (internal citations and quotation marks omitted).

Additionally, our standard of review of a court's denial of a motion for mistrial is as follows:

A motion for a mistrial is within the discretion of the trial court. A mistrial upon motion of one of the parties is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

***Commonwealth v. Tejeda***, 834 A.2d 619, 623 (Pa.Super. 2003) (internal citations and footnote omitted).

Pennsylvania Rule of Criminal Procedure 573 provides in pertinent part:

**Rule 573. Pretrial Discovery and Inspection**

\* \* \*

**(B) Disclosure by the Commonwealth.**

(1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney

- 4 -

all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

*    *    *

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth;

*    *    *

**(E) Remedy.**  If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit discovery or inspection, may grant a continuance, or may prohibit such party from introducing evidence not disclosed, other than testimony of the defendant, or it may enter such other order as it deems just under the circumstances.

Pa.R.Crim.P. 573(B)(1)(b), (E).  "The purpose of the discovery rules is to permit the parties in a criminal matter to be prepared for trial.  Trial by ambush is contrary to the spirit and letter of those rules and cannot be condoned."  **Commonwealth v. Manchas**, 633 A.2d 618, 625 (Pa.Super. 1993), *appeal denied*, 539 Pa. 647, 651 A.2d 535 (1994) (internal citations omitted).  "[Rule 573(E)] gives the trial court broad discretion in formulating remedies for a failure to comply with discovery requirements."  **Commonwealth v. Galloway**, 771 A.2d 65, 68 (Pa.Super. 2001).  Importantly:

> A defendant seeking relief from a discovery violation must demonstrate prejudice. A violation of discovery does not automatically entitle [an] appellant to a new trial. Rather, an appellant must demonstrate how a more timely disclosure would have affected his trial strategy or how he was otherwise prejudiced by the alleged late disclosure.

*Commonwealth v. Causey*, 833 A.2d 165, 171 (Pa.Super. 2003), *appeal denied*, 577 Pa. 732, 848 A.2d 927 (2004) (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable D. Gregory Geary, we conclude Appellant's issue on appeal merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed August 17, 2016, at 2-4) (finding: with respect to court's alleged denial of Appellant's continuance motion based on incomplete discovery packet, record reveals counsel did not request continuance on this basis; in fact, review of record demonstrates court did not deny single continuance request in case; prior to jury selection, Commonwealth admitted failure to inform Appellant of potential inculpatory testimony of Appellant's former cellmate, Mr. Bockes; after discussion in court, Commonwealth agreed not to call Mr. Bockes as witness during trial or present any evidence related to Mr. Bockes; Appellant's counsel then stated on record that this remedy was sufficient and no continuance motion was necessary; with respect to court's alleged denial of Appellant's motion for mistrial based on incomplete discovery packet, record reveals Appellant did

not move for mistrial on this basis; review of trial transcript reveals Appellant moved for mistrial twice during trial, and both motions for mistrial were unrelated to Commonwealth's failure to provide complete discovery packet; even if Appellant had moved for mistrial based on incomplete discovery packet, Appellant failed to demonstrate he suffered prejudice or identify items Commonwealth did not include in discovery packet beyond intended testimony of Mr. Bockes; court cannot order new trial based on Appellant's generalized hunch that undisclosed evidence beneficial to Appellant exists; thus, Appellant's claim that court improperly denied his continuance motion and motion for mistrial warrants no relief). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017

COMMONWEALTH

v.

BILLY RAY NAILL,

Defendant.

IN THE COURT OF COMMON PLEAS
OF SOMERSET COUNTY,
PENNSYLVANIA

NO. 343 CRIMINAL 2015

## OPINION PURSUANT TO Pa.R.A.P. 1925(a)

This Opinion is issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## I. PROCEDURAL AND FACTUAL HISTORY.

After a two-day jury trial, Defendant, Billy Ray Naill, was found guilty of criminal mischief (a third-degree felony), conspiracy to commit criminal mischief (a third-degree felony), criminal attempt (a third-degree misdemeanor), and conspiracy to commit unauthorized use of a motor vehicle (a second-degree misdemeanor) on January 6, 2016. Defendant was sentenced on January 25, 2016. Defendant filed post-sentence motions on February 4, 2016, which we denied by Order of May 27, 2016.

Defendant filed his Revised Notice of Appeal to the Superior Court on June 23, 2016.[1] Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), we ordered Defendant to file a concise statement of matters complained of on appeal on June 28, 2016, with which Defendant complied on July 12, 2016.

## II. ANALYSIS.

Defendant, through counsel, filed a "Concise Statement of Matters Complained of on Appeal Purusant [sic] to 1925(b)" ("Def.'s Statement") on July 12, 2016. Defendant's

---

[1] Defendant originally filed a Notice of Appeal on June 21, 2016, erroneously appealing to the Commonwealth Court, rather than the Superior Court.

8-18-16
Copy to all, atty. Cline



11 pages

Statement consists of six claims of error.

### 1) Denial of Defendant's Motion for a Continuance Prior to Trial Because of an Incomplete Discovery Package.

Defendant claims that we erred by denying "Defendant's Motion for Continuance prior to trial due to the failing of the Commonwealth to provide a complete discovery package." Def.'s Statement ¶ 1.

Our review of the record reveals Defendant never requested a continuance and we never denied a request for a continuance by either party throughout this entire case.. The only continuance requested in this case was requested by the Commonwealth and was granted by our Order of September 23, 2015.

Prior to jury selection, an issue arose in which the Commonwealth admittedly did not provide Defendant with a written statement inculpating Defendant, which was allegedly given by Defendant's cellmate, Joseph Bockes. The Commonwealth agreed not to call this witness during the trial or to present any evidence relating to the statement this witness allegedly gave.[2] In response to the Commonwealth's willingness to not call this witness, Defense Counsel stated, "[W]e were prepared to ask for a continuance based on that because I don't know anything about Mr. Bockes; but since Mr. Carbonara is withdrawing him as a witness, I guess the problem is solved." Jury Selection Tr. 3, Jan. 4, 2016.

Therefore, we submit that Defendant's first claim of error should be denied because Defendant never moved for a continuance and we never denied any request for a continuance by either party throughout this entire case.[3]

---

[2] The Commonwealth kept its agreement with Defendant. Joseph Bockes did not testify at trial, nor was his statement referenced or used in any way.

[3] Moreover, we are unable to determine what prejudice Defendant allegedly suffered or what, if anything, was allegedly missing from the discovery package beyond Joseph Bockes' written statement. Exclusion of Bockes' statement was a proper remedy pursuant to Pa. R. Crim. P. 573(E).

**2) Denial of Defendant's Motion for Mistrial Because of an Incomplete Discovery Package.**

Defendant next asserts that we erred in denying "Defendant's Motion for a Mistrial at trial due to the failing of the Commonwealth to provide a complete discovery package thereby prejudicing the Defendant to an extent that it constitutes reversible error." Def.'s Statement ¶ 2.

Yet, as we addressed *supra* in regard to the purported "Motion for Continuance," Defendant never moved for a mistrial on the basis that the Commonwealth's alleged failure to provide a complete discovery package impermissibly prejudiced Defendant. Consequently, we also never denied a motion for mistrial on such a basis.

We have reviewed the entire trial transcript in this case. Defendant made two motions for a mistrial. First, Defendant moved for mistrial at the conclusion of the Commonwealth's case on the basis of a violation of the confrontation clauses of both the U.S. Constitution and the Pennsylvania Constitution. Trial Tr., Vol. 2, 178-81. Second, Defendant moved for mistrial mid-deliberations based on the jury being given documents that had not been admitted into evidence when they began deliberating. *Id.* at 232.

Thus, we submit that Defendant's claim of error must fail because a motion for mistrial based on an allegedly incomplete discovery package was never made at trial, and we never denied such a motion at trial.

Even had such a motion been made, a denial of such a motion would not have been in error because Defendant has failed to identify any prejudice he suffered or what the Commonwealth failed to provide in the discovery package. The Commonwealth failed to provide Defendant with a pre-trial statement by Joseph Bockes, and we addressed this deficiency *supra*. Beyond Joseph Bockes' written statement, Defendant has failed to identify

3

any other information missing from the discovery package that was presented at trial or identify any information that was withheld from Defendant by the Commonwealth. At sentencing, Defense Counsel even stated, "I still don't [k]now what I don't know because I cannot assert to this Court that I got everything in there; and to say, Well, it probably wasn't harmful that you didn't have it is disingenuous." Video Sentence Tr. 11, Jan. 25, 2016. We certainly cannot order a new trial based on nothing more than Defendant's generalized hunch that there might be undisclosed evidence that might benefit Defendant. *See Commonwealth v. Santiago*, 654 A.2d 1062, 1069-70 (Pa. Super. Ct. 1994); *Commonwealth v. Hudgens*, 582 A.2d 1352, 1361-63 (Pa. Super. Ct. 1990).

### 3) Denial of Defendant's Motion for Mistrial When Excluded Evidence Was Taken into the Jury Room for Deliberation.

Defendant asserts that we erred in denying "Defendant's Motion for a Mistrial after evidence which had been excluded by the objection of the Defendant was provided to the jury in the documents which they were permitted to take into the jury room for purposes of deliberation." Def.'s Statement ¶ 3. While Defendant's Statement fails to identity to which documents it refers, based on the trial transcript, we conclude that Defendant's Statement refers to Exhibit 6 and Exhibit 7, which were accidentally given to the jury during deliberations despite these exhibits being denied admission into evidence. *See* Trial Tr., Vol. 2, 175-76, 229-32.[4]

The trial transcript indicates that the jury exited the courtroom to commence their deliberations at 2:23 p.m. Trial Tr., Vol. 2, 228. Shortly thereafter, the jury returned to the courtroom at 2:38 p.m. *Id.* The foreperson of the jury informed the Court that a court officer had handed her Exhibit 6 and Exhibit 7 even though these documents were not admitted into

---

[4] We note that, while the foreperson of the jury refers to a document as a "colloquy," the trial transcript reflects that she was actually referring to the transcripts from two contempt proceedings that we address *infra* Part II.4.

4

evidence. *Id.* at 229. The foreperson of the jury told the Court that she did not read Exhibit 6 and Exhibit 7 and no other members of the jury read them. *Id.* at 230. Rather, the foreperson looked at the numbering at the bottom of the exhibits and realized that she was given Exhibit 6 and Exhibit 7 despite the Court denying the admission of those exhibits into evidence. *Id.* Defendant moved for a mistrial because of the jury's improper exposure to these two exhibits. *Id.* at 232. We denied this motion on the basis that this error was harmless. *Id.*

We submit that the error was harmless because, according to the foreperson of the jury, none of the jurors read the exhibits. *Id.* at 230. Furthermore, the fact that only fifteen total minutes elapsed between the time the jurors left the courtroom for deliberation and when they returned to the courtroom to address this issue supports the foreperson's statement that the jury had not read Exhibit 6 or Exhibit 7 because of the small window of time that had passed. *Id.* at 228. Even had the jury read Exhibit 6 and Exhibit 7, this error was still harmless. Exhibit 6 and Exhibit 7 are written statements that Courtney McKenzie and Laken Oakes provided to the police, and, while Exhibit 6 and Exhibit 7 were not admitted into evidence and, thus, should not have been given to the jury, our review of these exhibits reveals that the content of these two exhibits is almost entirely duplicative of the testimony Courtney McKenzie and Laken Oakes gave at the trial itself. *See* Trial Tr., Vol. 1, 111-43.

Accordingly, although the Court erred by initially providing the jury with Exhibit 6 and Exhibit 7, we submit that this error was harmless because it did not influence the jury's verdict, it was merely duplicative, and it therefore did not merit grant of a mistrial. *See Flenke v. Huntington*, 111 A.2d 1197, 1199-1200 (Pa. Super. Ct. 2015); *Zenak v. Police Athletic League of Philadelphia*, 132 A.3d 541, 553-54 (Pa. Commw. Ct. 2016).

5

**4) Denial of Mistrial When Contempt Proceeding Transcripts Were Taken into the Jury Room for Deliberation.**

Similarly, Defendant asserts that we erred in "failing to grant a mistrial when the transcripts of the two (2) criminal contempt proceedings failed for two (2) of the Commonwealth witnesses who refused to testify were permitted to go into the jury room with the jury for deliberation." Def.'s Statement ¶ 4.

These two documents are the transcripts of "contempt proceedings" for Michael Merkel and Trevor Merkel. During trial, the Commonwealth intended to call Michael Merkel and Trevor Merkel as witnesses for the Prosecution. *See* Trial Tr., Vol. 2, 160. However, despite the warning that they would be held in contempt, both potential witnesses refused to testify against Defendant. *See id.* at 160-67. These two documents are the transcripts of the mid-trial proceedings in which the Court established, on the record, that Michael Merkel and Trevor Merkel were truly refusing to testify despite the likelihood that they would be convicted of criminal contempt for their refusal to obey a direct court order. *See id.*

Similar to the accidental inclusion of Exhibit 6 and Exhibit 7 with the materials given to the jury when deliberations began, the jury was erroneously given the transcripts of these two "contempt proceedings." As discussed *supra* Part II.3, the trial transcript specifies that the jury left the courtroom to begin deliberations at 2:23 p.m. The jury then returned to the courtroom fifteen minutes later at 2:38 p.m. The foreperson of the jury told the Court that neither she nor any other jurors read the documents that were not admitted into evidence. *Id.* at 230. Defendant moved for a mistrial because of the jury's improper exposure to these two transcripts from the contempt proceedings. *Id.* at 232. We denied this motion on the basis that this error was harmless. *Id.*

We submit that this error was harmless because, according to the foreperson of the

6

jury, none of the jurors read the exhibits. *Id.* at 230. Furthermore, the fact that only fifteen total minutes elapsed between the time the jurors left the courtroom for deliberation and returned to the courtroom to address this issue supports the foreperson's assertion that the jury had not read the statements because only a small period of time had passed. *Id.* at 228. Moreover, the fact that the foreperson did not even accurately describe the documents supports our conclusion that the jury did not read them.

However, even had the jury read the transcripts of the contempt proceedings, the content of these two transcripts was separately conveyed to the jury during the trial itself without any objection by Defendant. During opening statements, the Commonwealth told the jury that Trevor Merkel and Michael Merkel had pled guilty and been sentenced in relation to the same crime, that they were going to reluctantly testify for the Commonwealth, and that they would be uncooperative because of their family relationship and friendship with Defendant. Trial Tr., Vol. 1, 18-19. Evidence presented at trial also portrayed Trevor and Michael Merkel as coconspirators to the crime and friends of Defendant. *See, e.g.*, Trial Tr., Ex 8: Trial Tr., Ex. 9.

Then, after these "contempt proceedings" occurred, the jury was brought back into the courtroom and the Court explained to the jury:

> The Commonwealth called as witnesses Trevor Merkel and Michael Merkel. Both Trevor Merkel and Michael Merkel were brought before me where they indicated to me that they refused to testify. I then ordered them to testify, and they still refused.
>
> So what that means for you is that those witnesses are now unavailable. They will not be testifying, but you need to understand that the Commonwealth took every step that it could to make them available as witnesses in this case, but you will not be hearing from either of them.

*Id.* at 170-71.

Likewise, during its closing statement, the Commonwealth emphasized that Trevor

7

and Michael Merkel refused to testify, that the Commonwealth did everything in its power to make them testify, that their original statements to the police were a key part of the investigation in this case, and that they pled guilty in relation to the same crime. *See* Trial Tr., Vol. 2, 200-201; Trial Tr., Ex. 8; Trial Tr., Ex. 9. Thus, our comparison of the content of the transcripts from the two "contempt proceedings" with the trial transcript reveals that the information contained within these two transcripts had already been conveyed, without objection, to the jury during the trial itself. In essence, regardless of the error made in sending these transcriptions with the jury for their first fifteen minutes of deliberations, the information contained within these two transcripts was separately presented to the jury during the trial.

Therefore, even had the jury inspected the transcripts of these two "contempt proceedings," we submit that this error was harmless, did not influence verdict, and did not merit grant of a mistrial. *See Flenke*, 111 A.2d at 1199-1200; *Zenak*, 132 A.3d at 553-54.

**5) Denial of Motion for New Trial Based on Prosecutorial Misconduct.**

Defendant asserts that we erred by denying his pro se motion for a new trial made at his sentencing. Def.'s Statement ¶ 5. The basis for this motion for a new trial was "prosecutorial misconduct through the interception and manipulation of documents, statements and letters pertaining to [Defendant's] case which improperly tainted the testimony of two (2) of the Commonwealth's witnesses in the trial." *Id.*

As a threshold matter, this issue is not properly raised on appeal. By Order of January 25, 2016, we denied Defendant's motion for a new trial made at Defendant's video sentencing. However, as reflected by the transcript of Defendant's video sentencing, this Order denied the motion for a new trial made by Defense Counsel. *See* Video Sentence Tr.

8

12, Jan. 25, 2016. Separately, when given his chance to speak on his own behalf prior to sentencing, Defendant stated that the prosecution had intercepted and manipulated his mail, and he requested that the Court grant him a new trial on that independent basis. *Id.* at 13-14. We did not respond to Defendant's pro se request and proceeded to sentence Defendant. *Id.* at 15.

Defendants have no right to hybrid representation either at trial or on appeal. *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993). Defendants may petition the Court to terminate their representation and proceed pro se, or defendants may proceed with counsel. *Id.* at 1141. However, defendants may not confuse and overburden the Court with their own pro se filings, motions, and briefs when their counsel is simultaneously acting on their behalf. *Id.* Thus, we properly chose not to rule on Defendant's pro se oral motion at his sentencing, and the issue of alleged prosecutorial misconduct through the manipulation of Defendant's mail is waived because this issue cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); *Kaufman v. Campos*, 827 A.2d 1209, 1212 (Pa. Super. Ct. 2003) ("[A] party must make a timely and specific objection before the trial court at the appropriate stage of proceedings; the failure to do so will result in a waiver of the issue.").

Moreover, even were we to consider the merits of this claim of error, the record is devoid of any evidence that any manipulations of Defendant's documents occurred or that Defendant suffered prejudice at trial due to these alleged manipulations. In fact, at sentencing, Defense Counsel indicated that he did not raise the issue because he had no evidence of any manipulation.[5]

Therefore, we submit that we did not err in choosing not to address Defendant's pro se

---

[5] "Mr. Cline: Your Honor, I just – Mr. Naill and I did discuss these matter. I – because I had no evidence to – to show the Court of this manipulation, I would – obviously, I felt compelled not to raise it; but, obviously, he's made his own oral Motion for a New Trial." Video Sentence Tr. 14-15, Jan. 25, 2016.

9

motion for a new trial and, in any case, Defendant's pro se motion was meritless.

### 6) Weight of the Evidence.

Finally, Defendant asserts that the jury's verdict was against the weight of the evidence. Def.'s Statement ¶ 6.

This issue is not properly raised on appeal. "A party must make a timely and specific objection before the trial court at the appropriate stage of proceedings; the failure to do so will result in a waiver of the issue." *Kaufman*, 827 A.2d at 1212. Furthermore, where a defendant fails to a raise a claim that the verdict was against the weight of the evidence in one of the three prescribed ways,[6] the defendant waives the claim for the purposes of appeal. *Commonwealth v. Bryant*, 57 A.3d 191 (Pa. 2012); *Commonwealth v. Priest*, 18 A.3d 1235 (Pa. 2011). However, Defendant never raised the issue of the weight of the evidence in these proceedings prior to the filing of his Statement Pursuant to 1925(b). Accordingly, we have never issued an order or opinion as the weight of the evidence. Thus, we submit that this issue is waived and cannot be raised for the first time on appeal. *See* Pa.R.A.P. 302(a).

Even were the claim that the verdict was against the weight of the evidence not waived, this claim must fail. Defendant presented no evidence at trial, and the evidence the Commonwealth presented weighed heavily in favor of the jury's verdict.

---

[6] A claim that the verdict was against the weight of the evidence must be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing, (2) by written motion at any time before sentencing, or (3) in a post-sentence motion. Pa. R. Crim. P. 607; *Commonwealth v. Burkett*, 830 A.2d 1034, 1037 (Pa. Super. Ct. 2003).

## III.  CONCLUSION.

For the foregoing reasons, we submit that the jury's verdict in this case should stand and Defendant should be denied a new trial.

RESPECTFULLY SUBMITTED:

_____
D. Gregory Geary, P.J.

Dated: August 17, 2016

11