J-S26003-23

2024 PA Super 187

| STEPHEN SIANA AND CAROL SIANA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOAH HILL, LLC | : | No. 2982 EDA 2022 |

Appeal from the Judgment Entered October 27, 2022
In the Court of Common Pleas of Chester County
Civil Division at No: 2020-01862-JD

| STEPHEN SIANA AND CAROL SIANA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOAH HILL, LLC | : | No. 99 EDA 2023 |

Appeal from the Order Entered November 22, 2022
In the Court of Common Pleas of Chester County
Civil Division at No: 2020-01862-JD

BEFORE: STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

OPINION BY STABILE, J.: **FILED AUGUST 21, 2024**

Appellants, Stephen Siana and Carol Siana, brought an action against Appellee Noah Hill, LLC for confession of judgment in the Court of Common Pleas of Chester County. Following a non-jury trial, the Honorable Edward Griffith entered a decision in favor of Appellee. Appellee filed a petition seeking counsel fees against Appellants under 42 Pa.C.S.A. § 2503. Judge Griffith awarded Appellee $38,107.31 in counsel fees, and Appellee entered judgment in its favor. Subsequently, Appellants filed an appeal at 2982 EDA

2022 from the order granting counsel fees to Appellee and a second appeal at 99 EDA 2023 from an order denying reconsideration of judgment. Judge Griffith passed away in early 2023. Another judge, the Honorable Anthony Verwey, authored a Pa.R.A.P. 1925 opinion relating to these appeals. We consolidated these appeals *sua sponte*, and we now affirm in the appeal at 2982 EDA 2022, because the award of counsel fees to Appellee was a proper exercise of Judge Griffith's discretion. We quash the appeal at 99 EDA 2023.

Appellee, an LLC, is a landscaping and tree removal service. Appellee's sole member is an individual, Noah Hill. Appellants own a residential property in Chester Springs and a neighboring farmhouse with a 30-acre farm. In September 2019, Hill and his fiancée, Gina Riganati, moved into the farmhouse and entered into an agreement with Appellants to perform maintenance services on the farm and residential property in lieu of paying rent to Appellants ("the caretaker agreement").

The prior caretaker of the farm, Brenda Schaeffer, owned a pickup truck ("truck"), ATV and trailer. Appellants had financed Schaeffer's purchase of these vehicles but had not been repaid. Hill, on behalf of the LLC Appellee, agreed to purchase the vehicles, and on September 5, 2019, Appellee executed a promissory note payable to Appellants in the amount of $30,600.00. Hill signed the note in his capacity as Appellee's sole member.

The three-page note, which Appellant Stephen Siana prepared,[1] provided that Appellee would pay the debt in "consecutive equal monthly installments of principal in the amount of … $500.00" with a "single balloon payment" for the remaining principal" due one year after execution of the note. Promissory Note, 9/5/19, at 1. The note stated that it was secured by Appellee's interest in in the ATV, the trailer, and all of Appellee's personal property. *Id.* Judge Griffith later found that the note did not reference the pickup truck. Decision and Order, 5/20/22, at 3 (Finding of Fact 16). Appellee took title to the truck with Appellants identified as lienholders.

Appellants claim that they attached an amortization schedule as an exhibit to the note that required Appellee to make a down payment of $3,000.00 on the date Appellee signed the note (September 5, 2019) and then make monthly payments of $500.00 for the next year followed by the balloon payment for the remaining principal. The note did not refer to the amortization schedule.

Hill testified that two weeks after execution of the note, Appellants agreed to accept an initial payment of $1,500.00 followed by monthly payments of $500.00. Between September 2019 and February 2020, Appellee paid Appellants one check in the amount of $1,500.00 and three other checks in the amount of $500.00, a total of $3,000.00, the equivalent of six months

---

[1] The record establishes that Mr. Siana is an attorney, whereas Hill only has a seventh grade education.

of payments under the terms of the note. Judge Griffith found that the Appellee LLC "complied with the payment terms for the note[,] as clarified and/or modified by discussion and/or conduct post-signing." Decision and Order at 4 (Finding of Fact 29).

The parties' relationship deteriorated towards the end of 2019, a development that Judge Griffith ascribed to Appellants' "escalating and changing demands for work and landscape/tree services" at Appellants' property and the farmhouse. *Id.* at 5 (Finding of Fact 36). In an email on February 5, 2020, Appellants' counsel raised a litany of monetary demands totaling $43,028.83, threatened to pursue judgment individually against Hill and Riganati if they failed to pay this sum, threatened to move forward with a conversion action, and reserved the right to perfect a security interest in "the truck, trailer, ATV, and John Deere Zero-Turn". Trial Exhibit D-14. On February 14, 2020, Appellant Stephen Siana sent a letter to Appellee enclosing the February 5, 2020 email and threatening that "your fraudulent conduct will have ramifications." *Id.* at 8. The letter continued:

> Your failure to address these matters in a timely manner and mitigate your damages will be at your own peril. Furthermore, I fully intend to inform all relevant authorities of your conduct regarding your refusal to provide an EIN number and your wrongful removal of equipment belongings from the barn that were not your property.

Trial Exhibit D-13. The letter included the earlier email from Appellants' counsel demanding $43,028.83. The letter contained an additional demand of $9,500.00 for "farm occupancy," a sum that Appellants never demanded

during Hill's and Riganati's occupancy of the farmhouse. Exhibit D-15. Hill and Riganati eventually moved out of the farmhouse. Judge Griffith later found that Appellant Siana "was … not forthright in his conversations with [Hill and Riganati] about his expectations and priorities." Decision and Order at 5 (Finding of Fact 37).

On February 11, 2020, Appellants repossessed the truck, claiming that Appellee defaulted on the note. The parties agree that at the time of repossession, the value of the truck was $24,150.00. *Id.* at 4 (Finding of Fact 24).

On February 14, 2020, Appellants filed an action against Appellee for confession of judgment in the amount of $29,848.50. The complaint seeking confession of judgment did not credit (or even mention) the value of the truck in its calculation of the amount owed. On the same date, Appellants filed a separate action against Hill and Riganati alleging breach of the caretaker agreement ("caretaker action"). Appellee filed a petition to strike or open the judgment. On June 23, 2020, the court denied the petition to strike but granted Appellee's petition to open judgment in the confession of judgment action. Subsequently, Judge Griffith consolidated the confession of judgment action with the caretaker action.

The case proceeded to a non-jury trial before Judge Griffith. On May 20, 2022, following trial, Judge Griffith filed a decision and order that

"[Appellants'] complaint in confession of judgment is denied and dismissed."[2] Order, 5/20/22. The decision also directed Appellants to return the title of the truck to Appellee. Judge Griffith found that Appellee complied with the payment terms of the note and that Appellee was not in default at the time Appellants confessed judgment. Decision and Order at 4 (Findings of Fact 29-30). Judge Griffith made the following relevant conclusions of law:

> 1. [Appellants'] seizure of the truck was in violation of [Appellee's] rights under the note and constitutes conversion of the truck and thereby repudiated the terms of the note.
>
> 2. Any obligations of [Appellee] under the note ended and performance was waived by [Appellants'] illegal seizure of the truck in the absence of default. Accordingly, there was no basis for the confession of judgment entered February 14, 2020.
>
> 3. Title to the trailer, referenced in the note as security, is properly returned to [Appellee] as the security interest was terminated and released by [Appellants'] conduct.

*Id.* at 6-7 (Conclusions of Law 1-3) (cleaned up).

In the caretaker action, Judge Griffith found that Hill and Riganati adequately performed the caretaker agreement by performing "property maintenance, landscaping, tree removal and pruning, stump removal and

_____

[2] This text was consistent with Pa.R.Civ.P. 2960, which provides that when the court opens judgment in a confession action, "the issues to be tried shall be defined by the complaint if a complaint has been filed, and by the petition [to open judgment], answer and the order of the court opening the judgment." Pa.R.Civ.P. 2960. Judge Griffith's order that the complaint was "denied and dismissed" was effectively his determination that the issues raised in the complaint lacked merit, thus requiring a decision in favor of Appellee in the confession action.

animal care services at both the [farmhouse] and [Appellants'] residence during the period of their occupancy." *Id.* at 5 (Finding of Fact 35). Judge Griffith, however, awarded $3,285.36 to Appellants and against Hill and Riganati for the cost of a water filtration system and for unpaid utilities. Judge Griffith also denied and dismissed Appellee's counterclaim against Appellants.

None of the parties filed post-trial motions. In an order entered on October 18, 2022, Judge Griffith removed consolidation of the confession and caretaker actions. None of the parties appealed the decision in the caretaker action.

On June 7, 2022, Appellee filed a petition for counsel fees in the confession action. Appellee pointed out that it fully complied with the note at the time Appellants seized the truck. Appellee argued that the confession action was arbitrary, vexatious, and in bad faith, because Appellants commenced this action "not for the recovery of the confessed amount, but rather to exert leverage over Noah Hill, individually and Noah Hill, LLC to concede to the various demands set forth in correspondence." Appellee's Brief In Support Of Award of Counsel Fees, 9/30/22, at 7. Appellee also argued that Appellants' bad faith in filing the confession action "is further demonstrated by the fact that [Appellants] seized the Chevrolet Colorado truck, in which [Appellants] claimed a security interest for payment of the

Note,[3] on February 11, 2020, yet failed to credit or even mention the truck or

its value ($24,150.00) in the Confession Action." *Id.* at 9. Appellee stated

that Appellants' written threats prior to litigation (the February 5, 2020 email

from Appellants' attorney and February 14, 2020 letter from Appellant Siana)

contained

> numerous unrelated monetary demands and legal threats that
> were never pursued in later litigation, and demonstrate that the
> confession of judgment action was commenced, not for the
> recovery of the confessed amount, but rather to exert leverage
> over Noah Hill, individually and [Appellee] to concede to the
> various demands …

Appellee's Petition For Award Of Counsel Fees, at 6, ¶ 21. One such demand

was Appellant Siana's demand that Hill and Riganati pay $9,500.00 for farm

occupancy, even though Appellants never demanded rent for farm occupancy

at any other time during Hill's and Riganati's occupancy. Appellee's Brief In

Support Of Award Of Counsel Fees at 7 (citing Judge Griffith's finding that

"[a]t no time during [Hill's and Riganati's] occupancy of the [farmhouse] did

Mr. Siana demand payment of monthly rent as permitted under the

caretaker[] agreement"). Finally, Appellee alleges that it was forced to retain

counsel to defend against Appellants' threats. Appellee's petition included an

---

[3] Appellee did not argue, either below or in this Court, that Appellants lacked
the right to claim a security interest in the truck in view of Judge Griffith's
finding that the note did not refer to the truck as security. Since Appellee did
not make this argument, we refrain from using this point as a ground for
affirming the award of counsel fees.

affidavit from its counsel setting forth the fees and expenses that Appellee incurred in defending against Appellants' lawsuits.

The court issued a rule returnable directing Appellants to file an answer to the petition and further instructing the parties to take depositions. The parties took the depositions of Hill and his attorney.

In response to Appellee's petition, Appellants filed an answer and accompanying brief claiming that the email from Appellants' attorney and Appellant Siana's letter were mere settlement demands attempting to resolve the dispute between the parties amicably. Appellants' Brief In Opposition To Petition For Award Of Counsel Fees, 10/19/22, at 5. Appellants did not deny that they never pursued many of the threats in the email or in Appellant Siana's letter in later litigation. Nor did Appellants respond in any way to Appellee's assertions that Appellee complied with the note and that the confession of judgment complaint failed to mention the truck or accord any credit for its value.

On October 21, 2022, Judge Griffith entered an order granting Appellee $38,107.31 in counsel fees and $168.46 in other record costs ("counsel fee order").

Judge Griffith did not enter judgment in favor of Appellee in the confession action. Thus, on October 27, 2022, Appellee filed a praecipe to enter judgment against Appellants in the amount of $38,275.77, the aggregate amount of the counsel fee award and record costs.

On November 7, 2022, Appellants filed a motion under 42 Pa.C.S.A. § 5505 requesting the court to reconsider the counsel fee order so that it could strike the judgment Appellees entered on the counsel fee award in connection with the confession action.

On November 18, 2022, Appellants filed a notice of appeal to this Court at 2982 EDA 2022 purporting to appeal from the counsel fee order.

On November 22, 2022, the court entered an order denying Appellants' motion (1) for reconsideration of the counsel fee order and (2) to strike the award of fees in connection with the confession action. On December 22, 2022, Appellants filed a notice of appeal at 99 EDA 2023 purporting to appeal from the order denying reconsideration.

Appellants filed Pa.R.A.P. 1925(b) statements in both appeals. In early 2023, Judge Griffith passed away. The court reassigned the confession action to Judge Verwey, who filed a Pa.R.A.P. 1925(a) opinion on February 27, 2023. Judge Verwey reasoned:

> By correspondence dated February 5 and 14, 2020, prior to entry of the confessed judgment, Appellants made wide-ranging demands of Hill and Riganati and accused them of fraudulent conduct. Appellants claimed a sum exceeding $48,000.00 for the Truck, rental of the farm property, damages to property, water service and utilities. Appellants failed to differentiate any obligation of [Appellee] from that of Hill and Riganati and threatened legal action against Hill and Riganati individually for all sums due … Hill, Riganati and [Appellee] were compelled to retain counsel to defend against Appellants' ever-changing financial demands and escalating threats …
>
> [Appellants] embarked on a campaign to intimidate and coerce Hill and Riganati to meet his demands and his arsenal included his

legal skills. Hill, who only has a seventh grade education, and Riganati would have to incur legal fees to defend threats or succumb to his demands. The seizure of the Truck when [Appellee] was not in default and the baseless Confession Action were undoubtedly intended to exert pressure on Hill and Riganati to concede [to Appellants'] unrelated demands. It was [Appellants], not [Appellee], Hill or Riganati, who intertwined the claims.

Pa.R.A.P. 1925 Opinion, 2/27/23, at 10-11 (cleaned up).

Appellants raise two issues in these appeals, which we reorganize for purposes of convenience:

A. Whether [Appellee's] praecipe to enter judgment should be stricken where it was prematurely filed with judgment prematurely entered by the trial court six (6) days from the entry of its October 21, 2022 order?

B. Whether the trial court abused its discretion by awarding attorneys' fees to [Appellee] pursuant to 42 Pa.C.S.A. § 2503(9) (Right of Participants to Receive Reasonable Attorney's Fees)?

Appellants' Brief at 3 (cleaned up).

Before addressing Appellants' arguments, we first determine whether we have jurisdiction over these appeals. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order . . . [S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." ***Adams v. Erie Insurance Company***, 238 A.3d 428, 431 (Pa. Super. 2020).

We lack jurisdiction over the appeal at 99 EDA 2023 because appeals do not lie from orders denying reconsideration. ***See Oliver v. Irvello***, 165 A.3d

981, 983 (Pa. Super. 2017) ("as a general rule, an appellate court's jurisdiction extends only to review of final orders . . . An order denying a motion for reconsideration is not a final order and, thus, not appealable").

At 2982 EDA 2022, Appellants purport to appeal from the order awarding counsel fees to Appellee. While Appellants should have appealed from the judgment entered several days later on the counsel fee award rather than from the award itself, this technical error does not defeat our jurisdiction over this appeal. In reaching this conclusion, we find the analysis in *Francis v. LCP North Third, LLC*, 293 A.3d 273 (Pa. Super. 2023), instructive.

In *Francis*, following a bench trial, the trial court held that LCP breached its contract with Francis and awarded damages to Francis. LCP filed post-trial motions, and Francis filed a petition for counsel fees. In separate orders docketed on January 31, 2021, the court denied LCP's post-trial motions and granted Francis's petition for counsel fees. On February 1, 2021, Francis filed a praecipe for entry of judgment in the aggregate on the verdict and counsel fee award. LCP then filed a notice of appeal from the order granting attorneys' fees and a second notice of appeal from the judgment. This Court quashed the appeal from the order granting attorney fees, stating, "[T]he court ruled on Francis' attorneys' fee request prior to the entry of judgment. The attorneys' fee award was therefore included in the judgment and, as such, the

appeal [from the attorney fee award] is duplicative and is hereby quashed." *Id.*, 293 A.3d at 276 n.1.[4]

We construe *Francis* to mean that when an order awarding counsel fees is subsequently reduced to judgment, an aggrieved party should appeal from the judgment instead of from the counsel fee order. This construction is consistent with the general principle that appeals should lie from final orders that "dispose of all claims and all parties." Pa.R.A.P. 341(b)(1). The final, appealable disposition in this case is the judgment entered on October 27, 2022, which reduced both the May 20, 2022 non-jury decision and October 21, 2022 counsel fee order to judgment. As in *Francis*, the award in the counsel fee order was "included in the judgment." *Id.*, 293 A.3d at 276 n.1. Accordingly, Appellants should have filed a notice of appeal from the judgment instead of from the counsel fee order.

This procedural mistake however, does not require us to quash this appeal. First, unlike *Francis*, this appeal is not duplicative of a second properly taken appeal. *Compare Francis*, *supra* (appeal from counsel fee order quashed as duplicative of proper appeal from judgment). Furthermore,

_____

[4] *Francis* also observed that "[w]here judgment is entered in the underlying litigation **before** the trial court rules on a motion for counsel fees, the order on counsel fees is appealable when entered without the need for entry of judgment on it." *Id.* (emphasis added) (citing *Miller Electric v. DeWeese*, 907 A.2d 1051 (Pa. 2007); *Carpenter Enterprises v. Murpenter, LLC*, 185 A.3d 380, 389 (Pa. Super. 2018)). This situation does not exist in the present case because the trial court entered its counsel fee order prior to entry of judgment.

quashal would be out of harmony with rules of appellate procedure, Pa.R.A.P. 105 and 902. Rule 105 provides that "the appellate rules shall be liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable." Pa.R.A.P. 105(a). Pa.R.A.P. 902 states in pertinent part, "[T]he failure of an appellant to take any step [other than the timely filing of a notice of appeal in each docket in which the order has been entered] does not affect the validity of the appeal …." Pa.R.A.P. 902(b)(1). These rules are consistent with observations by our Supreme Court that "procedural rules are not ends in themselves, and that the rigid application of our rules does not always serve the interests of fairness and justice[,]" ***Womer v. Hilliker***, 908 A.2d 269, 276 (Pa. 2006), especially where there has been substantial compliance and no prejudice to an opposing party. ***Smith v. Pa. Bd. of Prob. and Parole***, 683 A.2d 278, 282 (Pa. 1996). Applying these principles, this Court has exercised jurisdiction over an appeal even though the notice of appeal was taken from a vacated order. ***Commonwealth v. Martin***, 462 A.2d 859, 860 (Pa. Super. 1983) (notice of appeal stated erroneously that appeal was from sentencing order that was vacated one month later in resentencing order). We also have invoked Rule 105(a) and excused a notice of appeal which stated erroneously that it was from an order denying motions for a new trial and arrest of judgment instead of from the judgment of sentence. ***Commonwealth v. Lahoud***, 488 A.2d 307, 390 (Pa. Super. 1985). We think the same principles that underlie

- 14 -

*Martin* and *Lahoud* should also excuse the defect in the present notice of appeal. Finally, it is important to observe that the notice of appeal was timely because it was filed after entry of judgment. *See Kaufman v. Campos*, 827 A.2d 1209, 1210 n.1 (Pa. Super. 2003) (although appellant erred by filing notice of appeal from order denying post-trial motions, when appeal in fact lay from judgment entered on jury verdict, such error did not affect Superior Court's jurisdiction because notice of appeal was timely filed under Pa.R.A.P. 903 one day after entry of judgment). Guided by these authorities, we will treat the defect in Appellants' notice of appeal as harmless and proceed to consider the appeal at 2982 EDA 2022. We have corrected the caption of this appeal to state that it is from the October 27, 2022 judgment.

In their first argument, Appellants contend that Appellee's praecipe for entry of judgment on October 27, 2022 was premature because they had the right to move for reconsideration of the counsel fee order before entry of judgment, and Appellee could not enter judgment until after the court decided their motion for reconsideration. We disagree. Appellee's entry of judgment was timely under the relevant rules governing post-trial procedure, Pa.R.Civ.P. 227.1 and 227.4.

Pennsylvania Rule of Civil Procedure 227.1, entitled "Post-Trial Relief," requires that post-trial motions be filed within ten days after "filing of the decision in the case of a trial without jury." Pa.R.Civ.P. 227.1(c)(2). Rule 227.1(a) prescribes that "[u]pon a motion for post-trial relief," the court may

J-S26003-23

order: (1) a new trial, (2) entry of judgment in favor of any party, (3) removal

of a nonsuit, (4) affirmance, modification, or change to the decision, or (5)

any other appropriate order. Pa.R.Civ.P. 227.1(a).

> Pa.R.Civ.P. 227.4 provides in full:
>
> In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party and except as otherwise provided by [Pa.R.Civ.P.] 1042.72(e)(3), the prothonotary shall, upon praecipe of a party:
>
> (1) enter judgment upon a nonsuit by the court, the verdict of a jury or the decision of a judge following a trial without jury, if
>
>> (a) no timely post-trial motion is filed; **or**
>>
>> (b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all parties and all issues and shall not be subject to reconsideration; **or**
>
> (2) enter judgment when a court grants or denies relief but does not itself enter judgment or order the prothonotary to do so.

*Id.* (emphasis added).[5] The use of "or" between Rule 227.4(1) and 227.4(2)

means that entry of judgment is permissible when either of these subsections

_____

[5] The Note to Rule 227.4 provides:

> If a motion for delay damages has been filed, judgment may not be entered until that motion is decided or otherwise resolved. *See* [Pa.R.Civ.P.] 238(c)(3)(i). Rule 1042.72(e)(3) prohibits the entry of judgment in a medical professional liability action if a motion for post-trial relief under Rule 227.1 is pending with respect to the ground that a damage award for noneconomic loss is excessive.

*Id.* Neither of these exceptions applies to the present case.

- 16 -

is satisfied; it is not necessary to satisfy both subsections. **See In Re Paulmier**, 937 A.2d 364, 373 (Pa. 2007) ("'or' is disjunctive. It means one or the other of two alternatives").

Rule 227.4(1)(a) establishes that when no timely post-trial motions are filed, a party may file a praecipe for entry of judgment. In this case, on May 20, 2022, the trial court entered a non-jury decision in favor of Appellee. None of the parties filed post-trial motions under Pa.R.Civ.P. 227.1.[6] Accordingly,

_____

[6] Appellants concede, correctly, that Appellee's petition for counsel fees was not a post-trial motion. We agree that this petition fell outside the scope of Pa.R.Civ.P. 227.1, the rule governing post-trial motions. The comment to Rule 227.1 provides that "a motion for post-trial relief may not be filed to matters governed exclusively by the rules of petition practice." **Id.** Our Supreme Court held in **Miller Electric** that a petition for counsel fees under 42 Pa.C.S.A. § 2503(3) is not a post-trial motion. **Id.**, 907 A.2d at 1054. The same holds true for Appellee's request for counsel fees under Section 2503(9) in the present case. Rules of petition practice govern requests for counsel fees in Chester County. Chester County Civil Rule 241(c) provides, "When counsel fees are sought under the provision of 42 Pa.C.S.[A.] § 2503 as part of the taxable costs of a matter, the party seeking them shall do so by filing an appropriate petition within twenty (20) days of the conclusion of the case in this court. The proceedings shall be conducted under Pa.R.C.P. No. 209 and C.C.R.C.P. 206.1." Pa.R.Civ.P. 209 has been replaced by Pa.R.Civ.P. 206.1 through 206.7, statewide rules governing petition practice. Similarly, Chester County Rule 206.1 is a local rule governing petition practice.

It further bears mention that "a petition for counsel fees under Section 2503 is … connected to but ancillary to the underlying action." **Szwerc v. Lehigh Valley Health Network, Inc.**, 235 A.3d 331, 336 (Pa. Super. 2020). As an ancillary matter, a counsel fee petition can be litigated (1) before judgment, as the parties did in the present case, **see Hart v. Arnold**, 884 A.2d 316, 325 (Pa. Super. 2005), (2) after judgment, **Szwerc**, 235 A.3d at 336 (party may file petition for counsel fees within thirty days after entry of judgment), or even (3) after an appeal is taken, **id.**; **see also Samuel-Bassett v. Kia Motors America, Inc.**, 34 A.3d 1, 48 (Pa. 2011) ("if the petition for counsel
*(Footnote Continued Next Page)*

Appellee timely entered judgment on October 27, 2022 under Rule 227.4(1)(a).

Appellants do not dispute that entry of judgment was timely under Rule 227.4(1)(a). Instead, relying on Rule 227.4(2), Appellants argue that entry of judgment was premature until the trial court denied their motion for reconsideration of the counsel fee order on November 22, 2002. However, since Appellee properly entered judgment under Rule 227.4(1), it was not necessary for Appellee to satisfy Rule 227.4(2). ***Paulmier***, 937 A.2d at 373 (use of "or" between provisions means that only one provision need be satisfied). Furthermore, and in any event, nothing in the text of Rule 227.4(2) prohibits entry of judgment pending the disposition of a motion for reconsideration. To the contrary, the law expressly permits courts to decide motions for reconsideration after entry of judgment. ***See*** 42 Pa.C.S.A. § 5505; Pa.R.A.P. 1701(b)(3).[7]

_____

fees is timely filed, the trial court is empowered to act on it after an appeal is taken"). No matter when the petition is litigated, however, the fact remains that it is not a post-trial motion under Rule 227.1.

[7] Pa.R.A.P. 1701 provides in relevant part:

(b) After an appeal is taken . . . the trial court . . . may:

(3) Grant reconsideration of the order which is the subject of the appeal . . . if:

(i) an application for reconsideration of the order is filed in the trial court . . . within the time provided or prescribed by law; and

*(Footnote Continued Next Page)*

In their next argument, Appellants assert that the court abused its discretion in awarding counsel fees to Appellee under 42 Pa.C.S.A. § 2503(9). We review an award of counsel fees for abuse of discretion, ***Berg v. Georgetown Builders, Inc.***, 822 A.2d 810, 816 (Pa. Super. 2003). We conclude that Judge Griffith properly exercised his discretion by awarding counsel fees to Appellee.

Section 2503 provides in relevant part, "The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter: . . . (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S.A. § 2503(9). Our Supreme Court has construed this provision as follows:

> An opponent's conduct has been deemed to be "arbitrary" within the meaning of the statute if such conduct is based on random or convenient selection or choice rather than on reason or nature … An opponent also can be deemed to have brought suit "vexatiously" if he filed the suit without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance … Finally, an opponent can be charged with filing a lawsuit in "bad faith" if he filed the suit for purposes of fraud, dishonesty, or corruption …

---

> (ii) an order expressly granting reconsideration of such prior order is filed in the trial court . . . within the time prescribed by these rules for the filing of a notice of appeal . . . with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.
>
> A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal . . . theretofore or thereafter filed or docketed with respect to the prior order.

- 19 -

> By imposing these strict definitional guidelines, the statute serves not to punish all those who initiate legal actions which are not ultimately successful or which may seek to develop novel theories in the law. Such a rule would have an unnecessarily chilling effect on the right to bring suit for real legal harms suffered … Rather, the statute focuses attention on the conduct of the party from whom attorney fees are sought and on the relative merits of that party's claims.

*Thunberg v. Strause*, 682 A.2d 295, 299-300 (Pa. 1996). "Because 42 Pa.C.S.[A.] § 2503(9) reads in the disjunctive, the trial court need[s] only to find that one of the[se] factors [is] present" in order to award counsel fees. *Id.* at 301 n.7 ("since we believe the action was commenced arbitrarily, we need not address whether [the] initiation of the action was vexatious or in bad faith").

Judge Griffith acted within his discretion by awarding counsel fees to Appellee under Section 2503(9) due to Appellants' vexatious conduct. Appellants lacked a sufficient basis in law or fact to commence the action for confession of judgment. Judge Griffith held in his May 20, 2022 decision and order that the parties agreed that Appellee would pay monthly sums of $500.00 on the note. Judge Griffith further held that Appellee was fully in compliance with the note on February 11, 2020, the date Appellants seized the truck, because Appellee was current with the payment schedule on February 11, 2020, the date Appellants seized the truck. Finally, Judge Griffith held that the value of the truck on the date of seizure was $24,150.00. Appellants, however, demanded $29,848.50 in their confession of judgment

action without crediting (or even mention) the value of the truck. Significantly, Appellants did not file post-trial motions challenging Judge Griffith's findings. Nor did Appellants contest these findings when Appellee raised them in its petition for counsel fees in support of its claim of vexatious conduct. Given Appellants' complete failure to refute these findings, Judge Griffith had ample reason to determine that Appellants' confession action was vexatious as it lacked sufficient legal or factual basis.

Judge Griffith also had reason to find that the sole purpose of Appellants' confession action was to cause annoyance to Appellee. Shortly before filing the confession and caretaker lawsuits, Appellants demanded well over $40,000.00 by lumping together multiple claims against Appellee, Hill, and Riganati. Some of these claims, such as the claim of $9,500.00 for farm occupancy, or the claim of "fraud," had never been made throughout the six months that Hill and Riganati occupied the farmhouse and were not made in the lawsuits. Appellants' threats prior to litigation, seizure of the truck, and two lawsuits were a campaign to intimidate and coerce Hill, Appellee's sole member, and Riganati to meet Appellants' demands. Hill only has a seventh grade education, whereas Appellant Siana is an attorney. As the trial court's Rule 1925 opinion observes, Appellants knew that this disparity in education and sophistication left Appellee vulnerable to baseless demands for payment, yet Appellants relentlessly pursued these demands in a meritless confession action. Opinion at 11.

Appellants contend that Judge Griffith improperly awarded counsel fees for their pre-litigation conduct because sanctions for pre-litigation conduct are not available under Section 2503(9).

As discussed above, Section 2503(9) provides that an award of attorney fees is permissible when "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." We have held that Section 2503(9) does not apply to "conduct that occurred prior to commencement of [the] suit." *Pentek, Inc. v. Meininger*, 695 A.2d 812, 817-18 (Pa. Super. 1997). We also have reasoned that pre-litigation conduct is relevant to determine whether a party's state of mind at the time he commences a lawsuit was arbitrary, vexatious or in bad faith. *See Hart*, 884 A.2d at 343. Under *Pentek* and *Hart*, while pre-litigation conduct is not ordinarily relevant under Section 2503(9), it becomes relevant when it bears upon a party's conduct for commencing and pursuing a lawsuit. In *Hart*, the plaintiffs' attorney's pre-litigation letters were relevant to the consideration of whether the plaintiffs' conduct in commencing and pursuing their civil action was vexatious. Similarly, in the present case, Appellants' threats and seizure of the truck prior to commencement of the confession action were relevant to whether Appellants' conduct in commencing and pursuing the confession action were vexatious.

Therefore, we affirm Judge Griffith's order awarding counsel fees to Appellee.[8]

Judgment affirmed at 2982 EDA 2022. Appeal quashed at 99 EDA 2023.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/21/2024

_____

[8] Because we have held that the record supports the determination that Appellants acted vexatiously, we need not address whether their conduct was arbitrary or in bad faith. **Thunberg**, 682 A.2d at 301 n.7.