J-A30033-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RHONDA MICHELE JORDAN AND RONALD A. JORDAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LENNAR OLIPHANT | : | |
| | : | No. 737 EDA 2025 |
| | : | |
| APPEAL OF: RHONDA MICHELE JORDAN | : | |

Appeal from the Order Entered March 11, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230402213

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 5, 2025**

Rhonda Michele Jordan ("Jordan") appeals *pro se* from the order denying her petition to strike and/or open a judgment of *non pros*, which the court entered after she failed to attend a pretrial conference in her ejectment action against Lennar Oliphant ("Oliphant"). For the reasons that follow, we conclude that we have jurisdiction over this appeal but that Jordan failed preserve any issues for appeal. Accordingly, we affirm and strike this case from the argument list.

The record reflects the following background to this appeal. On April 21, 2023, Jordan filed a *pro se* complaint in ejectment over Oliphant's possession of a property at 8005 Rugby Street in Philadelphia ("the property").

**See** Complaint, 4/21/23, at 1.[1]  Oliphant filed an answer and new matter claiming, in relevant part, that: (1) Jordan's parents, Ronald ("Mr. Jordan") and Delores Y. Jordan ("Mrs. Jordan"), owned the property as tenants by the entireties; (2) Mr. Jordan died in September 2018; (3) Mrs. Jordan bequeathed the property to Oliphant in a December 2022 will; (4) Mrs. Jordan died on April 17, 2023;[2] and (5) Oliphant, as executor of Mrs. Jordan's estate, had letters testamentary issued in May 2023.  **See** Answer & New Matter, 6/29/23, at 2 (unpaginated) & Exhibit E.

Louis Stevens, Esquire ("Attorney Stevens") entered an appearance for Jordan and her co-plaintiff in July 2023, but he did not reply to the new matter. It appears that in October 2023, Attorney Stevens had filings in a separate orphan's court matter served on Oliphant.  **See** Affidavit of Service, filed 11/8/23, at 1.

In the present case, the trial court issued a notice of the scheduling of a status conference for June 6, 2024.  **See** Status Conference Order, 5/21/24, at 1.  Jordan did not appear for the conference, and for that reason, the court entered a judgment of *non pros* on June 11, 2024.  **See** Trial Work Sheet, 6/11/24, at 1.

In March 2025, Jordan filed a handwritten *pro se* "motion/petition to set aside a judgment for fraud on the court," wherein she averred that Attorney

---

[1] The complaint listed "Ronald A. Jordan" as a co-plaintiff but did not describe what relationship he had to Jordan.

[2] This date was four days before Jordan filed her complaint.

- 2 -

Stevens had abandoned her by withdrawing *in August 2024*, and did not advise her of *a September 2024* hearing date. *See* Motion/Petition, 3/4/25, at 1 (unpaginated).[3] Notably both of those dates occurred *after* the June 2024, judgment of *non pros* was entered in this case.

Jordan's remaining allegations presumably referred to the separate orphans' court matter. For example, Jordan raised issues related to a will contest, namely, that Mrs. Jordan lacked the capacity to bequeath the property to Oliphant and that Oliphant, who had been hired as an aide for Mrs. Jordan but became her significant other, exercised undue influence over her. *See id*. at 1-2 (unpaginated). Jordan asserted that Oliphant isolated Mrs. Jordan from her family and fraudulently held himself as her spouse. *See id*. at 3 (unpaginated). Jordan's motion/petition requested that the court set aside the "default judgment on [Mrs. Jordan's] will and estates due to fraud on the court," without mention of either the property, the June 6, 2024 status conference, or the underlying June 11, 2024 judgment of *non pros* in Jordan's ejectment action. *Id*. at 2 (unpaginated).

On March 7, 2025, the trial court issued an order, without any explanation, denying what it considered to be a motion/petition to "strike" the judgment of *non pros*. *See* Order, 3/11/25, at 1. The order was placed on the docket as of March 10, 2025, but the prothonotary did not give notice of

_____

[3] Attorney Stevens did not formally withdraw his appearance in this case, but Jordan attached a letter that Attorney Stevens withdrew his appearance in a case involving Mrs. Jordan's estate. *See* Motion/Petition, 3/4/25, at Ex. A.

the order until March 11, 2025. *See id*. at 1 (bearing a date of March 7, 2025, but containing a notation that copies were sent pursuant to Pa.R.Civ.P. 236 on March 11, 2025); Docket Entry for March 10, 2025; *see also* Pa.R.A.P. 108(b) (stating that "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)").

On March 10, 2025, one day before the formal entry of the order denying Jordan's first motion/petition, Jordan filed another *pro se* motion/petition to "set aside" the judgment, which contained the averments of the first motion/petition but provided several pages of additional allegations about Mrs. Jordan's diminished capacity and the undue influence Oliphant exercised over her. On March 11, 2025, the trial court authored an order deeming this second motion/petition to be a "motion for reconsideration;" that order was not entered until March 13, 2025. Order, 3/13/25, at 1 (bearing a date of March 11, 2025, but containing a notation that copies were sent pursuant to Pa.R.Civ.P. 236 on March 13, 2025); Docket Entry for March 12, 2024.

On March 18, 2025, Jordan filed a notice of appeal from the order "entered on March 11, 2025." Notice of Appeal, 3/18/25 at 1. Jordan attached to her notice of appeal a copy of the March 13, 2025, order purporting to deny reconsideration. **See** Notice of Appeal, 3/18/25, at 2. Jordan timely complied

with the trial court's order to submit a Pa.R.A.P. 1925(b) statement, and the trial court issued an opinion suggesting this Court quash the appeal.[4]

Before addressing the merits of Jordan's issues on appeal, we must consider whether we have jurisdiction over this appeal and whether Jordan preserved any of her issues for review. **See Siana v. Noah Hill, LLC**, 322 A.3d 269, 275 (Pa. Super. 2024) (reiterating that an appeal will not lie from an order denying reconsideration); **Tecce v. Hally**, 106 A.3d 728, 732 (Pa. Super. 2014) (noting that this Court is bound by precedent to invoke waiver *sua sponte*).

In the present case, on March 4, 2025, Jordan filed her first (handwritten) motion/petition to "set aside" a judgment ("first petition"). Although the trial court issued an order denying the first petition on March 7, 2025, Jordan filed a second typewritten motion/petition to "set aside" ("second petition") **before** the order denying Jordan's first petition was formally "entered" on March 11, 2025. **See** Pa.R.A.P. 108(b). The trial court then considered Jordan's second petition as "a motion for reconsideration" and issued an order denying the second petition on March 11, 2025, but that order was not formally entered until March 13, 2025. **See id**. Jordan's notice of appeal, filed March 18, 2025, from the order **entered** March 11, 2025, was timely and adequate to perfect an appeal from the denial of her first petition.

_____

[4] Jordan filed a third petition to open after filing a notice of appeal, which again sought to open a September 2024 judgment. The trial court properly dismissed that petition as procedurally improper. **See** Order, 4/15/25, at 1.

- 5 -

*See* Pa.R.A.P. 108(b), 903(a); *see also Cardona v. Buchanan*, 230 A.3d 476, 478-79 (Pa. Super. 2020) (noting that an appeal lies not from the entry of a judgment of *non pros*, but from the entry of the order denying a petition to open or strike the judgment of *non pros*). To the extent Jordan attached the March 13, 2025 order to her notice of appeal, that defect does not defeat the exercise of our jurisdiction. *See* Pa.R.A.P. 902(b).[5] Thus, we do not quash this appeal.

We next consider whether Jordan preserved any issues in this appeal. *See Tecce*, 106 A.3d at 732. "On appeal the Superior Court will not consider a claim which was not called to the trial court's attention at a time when any error committed could have been corrected." *Interest of L.V.*, 209 A.3d 399, 418 (Pa. Super. 2019) (internal citation omitted). As our Supreme Court explained, the requirement that an appellant file a petition to strike and/or open a judgment of *non pros*

> is both obvious and salutary: it ensures that the trial court, which is in the best position to rule on the matter in the first instance, shall have an opportunity to do so. Such an approach will avoid unnecessary appeals, thereby assuring judicial economy, and will provide a better record for review in those cases where the question is close enough to warrant an appeal.

_____

[5] We question whether the March 13, 2025, order's characterization of Jordan's second petition as a "motion for reconsideration" was proper where the trial court had not yet formally entered the order denying Jordan's first petition when Jordan filed her second petition. That question, however, is irrelevant to this Court's jurisdiction to review the March 11, 2025 order.

- 6 -

*Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1000 (Pa. 2001) (internal citation omitted).

On appeal, Jordan asserts that she was entitled to have the June 11, 2024 judgment of *non pros* stricken or opened. **See** Jordan's Brief at 1-2 (unpaginated). However, our review establishes that she did not preserve that issue in her first petition. Jordan's first petition focused on a separate matter and events which occurred **after** the June 2024 judgment of *non pros* in this case, namely Jordan's failure to attend a September 2024 hearing and the entry of a "default judgment" as to the validity of her mother's will. Motion/Petition, 3/4/25, at 1-3 (unpaginated). At no point did Jordan mention her failure to attend the June 6, 2024 status conference, the stated basis for the judgment of *non pros* in the present case, or assert excuses for not attending that conference and waiting nine months to challenge the judgment of *non pros*. **See id**. Thus, Jordan did not preserve any claims to strike and/or open the June 2024 judgment of *non pros* entered in this case. **See** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal"); **see also** Pa.R.Civ.P. 3051(a) (noting that "[r]elief from a judgment of *non pros* shall be sought by petition" and mandating that "[a]ll grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition") (italics added); **accord** *Atuahene v. Agondanou*, 297 A.3d 707, 2023 WL 2808476, at *5 (Pa. Super. 2023) (non-precedential mem. decision); Pa.R.A.P. 126(b). For these reasons, we conclude there are no issues preserved for review in this appeal,

- 7 -

and we affirm the order denying Jordan's petition to strike and/or open the judgment of *non pros*.

Order affirmed.  Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/5/2025</u>