J-S09030-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NEPA WATERPROOFING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRENDAN RUDDY, TEDS | : | No. 2434 EDA 2025 |
| PARTNERSHIP, LLC | : | |

Appeal from the Order Entered August 18, 2025
In the Court of Common Pleas of Wayne County Civil Division at No(s):
99-CIVIL-2025

BEFORE:   MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED APRIL 29, 2026**

NEPA Waterproofing, LLC ("NEPA Waterproofing") appeals from the order granting the motion for judgment on the pleadings filed by Brendan Ruddy ("Ruddy") and TEDS Partnership, LLC ("TEDS Partnership") and dismissing NEPA Waterproofing's complaint ("Complaint") in its entirety. We affirm.

This matter arises from a construction contract dated November 15, 2022, pursuant to which NEPA Waterproofing agreed to perform roof replacement work at a property located in Hawley, Wayne County. Ruddy executed the contract as the authorized representative for the subject building, which TEDS Partnership owned. **See** Complaint, Exhibit P-1, at 3, 6; **see also** Complaint, Exhibit P-2.

_____

[*] Former Justice specially assigned to the Superior Court.

The contract provided that "[a]nything additional that is unforeseen right now will be paid for at the completion of the job[,]" and additionally described pricing for any additional "plywood/OSB."[1]  Complaint, Exhibit P-1, at 2-3.  The contract also required each party to file any claim related to it within two years after completion of the project or cessation of work.  **See id**. at 5.  NEPA Waterproofing completed the project on November 20, 2022.  Thereafter, NEPA Waterproofing alleged that the roof required additional repairs and maintained that, although Ruddy and TEDS Partnership paid the base contract amount, they failed to pay $33,900.00 for additional work and materials.

Pursuant to the contractual limitations clause, and because work ceased on November 20, 2022, each party was required to commence any action arising from the contract by November 20, 2024.

On December 16, 2024, Christopher Tomasetti ("Tomasetti"), proceeding *pro se* on behalf of NEPA Waterproofing, filed this action as a magisterial district court complaint against Meat Heads Take Out ("Meat Heads"), seeking monetary damages for breach of contract.  Meat Heads is a restaurant operating at the subject property and owned by TEDS Partnership.  The magisterial district court awarded $12,234.00 to Tomasetti.  Thereafter,

---

[1] OSB, oriented strand board, is an engineered wood product made from compressed layers of wood strands and commonly used in construction as a substitute for plywood in structural applications.

TEDS Partnership, as owner of Meat Heads, retained counsel and appealed the magisterial judgment.

NEPA Waterproofing subsequently filed the subject Complaint against Brendan Ruddy and TEDS Partnership. NEPA Waterproofing asserted two causes of action: Count I for breach of contract against Ruddy and Count II for *quantum meruit* against TEDS Partnership.

TEDS Partnership filed preliminary objections to the Complaint, asserting that the contractual limitations period barred the claims and that the *quantum meruit* claim failed because a valid, enforceable written contract governed the parties' relationship. The trial court overruled the preliminary objections.

TEDS Partnership filed an answer, new matter, and counterclaim. In its new matter, TEDS Partnership asserted, *inter alia*, the defenses of the contractual limitations period and failure to state a claim upon which relief could be granted. TEDS Partnership also attached the magisterial district court complaint filed by Tomasetti showing that NEPA Waterproofing completed the work on November 20, 2022.

NEPA Waterproofing filed preliminary objections to the counterclaim, and TEDS Partnership subsequently withdrew the counterclaim, leaving only Counts I and II of the complaint before the trial court. NEPA Waterproofing did not file a responsive pleading to TEDS Partnership's new matter.

After the pleadings closed, Ruddy and TEDS Partnership moved for judgment on the pleadings, asserting that the contractual limitations clause

barred the breach of contract claim and that the express contract precluded the *quantum meruit* claim. NEPA Waterproofing filed an answer.

On August 18, 2025, the trial court granted the motion and dismissed the Complaint. On August 25, 2025, NEPA Waterproofing moved for reconsideration as to Count II, its *quantum meruit* claim against TEDS Partnership, and Ruddy and TEDS Partnership filed an answer in response. On September 9, 2025, the trial court denied the motion for reconsideration. On September 10, 2025, Ruddy filed a single notice of appeal from both the August 18, 2025 and September 9, 2025 orders.[2] Both NEPA Waterproofing and the trial court have complied with Pa.R.A.P. 1925.

NEPA Waterproofing raises the following issues for our review:

I. Whether the [trial] court erred when it granted a motion for judgment on the pleading on Count II of [NEPA Waterproofing's] complaint based upon a *quantum merit* cause of action which has a four [year] statute of limitations[?]

II. Whether the [trial] court erred when it determined that the record owner of the real estate was a party to or otherwise benefit[t]ed from a two . . . year statue of limitation[] set forth in written contract between [NEPA Waterproofing] and . . . Ruddy where the record owner, TEDS Partnership[] is not a

_____

[2] NEPA Waterproofing filed a notice of appeal referencing both the August 18, 2025 order granting judgment on the pleadings and the September 9, 2025 order denying reconsideration. However, an order denying reconsideration is not independently appealable. *See Siana v. Noah Hill, LLC*, 322 A.3d 269, 275 (Pa. Super. 2024). In any event, NEPA Waterproofing's brief challenges only the August 18, 2025 order. Accordingly, NEPA Waterproofing has abandoned and therefore, waived any challenge to the September 9, 2025 order. *See In re Estate of Anderson*, 317 A.3d 997, 1003 (Pa. Super. 2024).

> signatory nor otherwise a party to said contract, and the facts are in dispute as to what capacity . . . Ruddy, was acting[?]

NEPA Waterproofing's Brief at 7 (unnecessary capitalization omitted).

In NEPA Waterproofing's first issue on appeal, it argues that the trial court erred in dismissing its *quantum meruit* claim because it is subject to a four-year statute of limitations. Our scope and standard of review of the granting of a motion for judgment on the pleadings is well-settled.

> Our scope of review on an appeal from the grant of judgment on the pleadings is plenary. Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. On appeal, we accept as true all well-pleaded allegations in the complaint.

***Rubin v. CBS Broadcasting Inc.***, 170 A.3d 560, 564 (Pa. Super. 2017).

"*[Q]uantum meruit* is essentially a claim for unjust enrichment, which implies a contract and requires the defendant to pay to the plaintiff the value of the benefit conferred." ***Shafer Electric & Construction v. Mantia***, 96 A.3d 989, 993 (Pa. 2014). It is well-settled that "the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between parties is founded on a written agreement or express contract." ***Braun v. Wal-Mart Stores, Inc.***, 24 A.3d 875, 896 (Pa. Super. 2011) (citation omitted).

NEPA Waterproofing argues that the trial court erred in dismissing its *quantum meruit* claim because a four-year statute of limitations pursuant to 42 Pa.C.S.A. § 5525(a)(4)[3] governs such a claim. NEPA Waterproofing further contends that TEDS Partnership was not a party to the construction contract and therefore cannot invoke the contractual two-year limitations period as a defense to the *quantum meruit* claim.

The trial court rejected this argument, concluding that the pleadings establish the existence of a valid, enforceable written contract governing the relationship between the parties. **See** Trial Court Opinion, 10/31/25, at 5-6. The trial court reasoned that Ruddy executed the contract as an authorized representative of the subject building, which TEDS Partnership owned, and that NEPA Waterproofing's own pleadings acknowledge this agency relationship. **See id**. at 5. Accordingly, the trial court determined that TEDS Partnership was a party to the contract. **See id**. at 6. Because an express contract governed the subject matter of the dispute, the trial court determined that NEPA Waterproofing could not recover under a theory of *quantum meruit*. **See id**. at 5-6.

Based on our review, we conclude that the trial court properly determined that NEPA Waterproofing's *quantum meruit* claim fails as a matter of law. **See Rubin**, 170 A.3d at 564. As noted above, a claim for *quantum*

---

[3] Section 5525(a)(4) establishes a four-year statute of limitations for actions upon contracts implied in law, including claims for *quantum meruit*. **See** 42 Pa.C.S.A. § 5525(a)(4).

*meruit* or unjust enrichment is unavailable where the relationship between the parties is founded upon an express contract. **See Braun**, 24 A.3d at 896. Here, the pleadings establish that the construction work, including any additional work performed, arose directly from the written contract between the parties. Moreover, NEPA Waterproofing's complaint expressly acknowledges that Ruddy executed the contract as an authorized representative for the subject building and that TEDS Partnership owned the property. Thus, NEPA Waterproofing's own averments establish that TEDS Partnership was bound by, and benefitted from, the contract.

Even if TEDS Partnership were not a signatory, the pleadings establish that it was bound by the contract through Ruddy's execution as its authorized representative.

Because the contract governs the same subject matter as NEPA Waterproofing's claim, it may not avoid its terms by recasting the claim as one for *quantum meruit*. Accordingly, the trial court did not err in granting judgment on the pleadings on Count II.

In its second issue, NEPA Waterproofing purports to challenge the trial court's determination that TEDS Partnership was a party to the construction contract and therefore entitled to enforce the contractual two-year limitations period. In support, NEPA Waterproofing summarily contends that TEDS Partnership was not a signatory to the contract and that a factual dispute exists regarding the capacity in which Ruddy executed the agreement.

Pennsylvania Rule of Appellate Procedure 2119(a) provides that "the argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). This rule works in conjunction with Rule 2116(a), which requires that the statement of questions involved "must state concisely the issues to be resolved" and provides that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a).

Consistent with these requirements, this Court has explained that:

> [W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court . . . ] to formulate [a]ppellant's arguments . . ..

**Wirth v. Commonwealth of Pennsylvania**, 95 A.3d 822, 837 (Pa. 2014) (quotation marks and citation omitted).

Here, we conclude that NEPA Waterproofing has waived this claim. Although NEPA Waterproofing raises this issue in its statement of questions involved, its brief does not contain a separate, developed argument addressing this issue. Instead, NEPA Waterproofing conflates this issue with its first claim and provides only a cursory discussion without meaningful legal analysis or citation to supporting authority. Such undeveloped argument precludes appellate review. Thus, NEPA Waterproofing has waived its second

issue. Even if not waived, NEPA Waterproofing would not be entitled to relief for the reasons discussed herein.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/29/2026